Wheeleb, J.
There is no averment in the petition for a writ of error that Mims is administrator. And it is only by tlie tacit admission in tlie affidavit in support of tlie motion to dismiss that we are distinctly apprised of that fact, and of liis purpose in prosecuting a writ of error. But if it sufficiently appears that lie is administrator of tlie estate of Williams, lie was not a party to tlie suit, and it does not appear that, as administrator, lie is interested in the judgment. If ilie defendants liad recovered in tlie action, it does not follow as of ■course that the land must have been subjected to administration. That would depend on facts which do not appear. Wo do not think to tlie subject matter of tlie litigation, by simply naming himself A.C., can prosecute a writ of error in a case like the present without averring that he is administrator, and that as such lie is interested in tiio subject matter ■of tlie judgment which lie seeks to reverse.
But, were we to entertain tlie appeal, we see no ground for reversing the judgment. The only error assigned which requires notice is tlie proceeding to judgment against tlie lieirs without making the administrator a party. It is averred that there was no administrator, and that tlie persons named were the only lieirs, and there being no statement of facts, tlie averments of the petition must be taken to have been proved. Tlie questiou, (hen, is whether, where a •defendant dies pending a suit for laud, and no one will administer, tlie plaintiff may make his lieirs parties defendant, and proceed to judgment against them. And wo are of opinion tiiat lie may. and that tlie judgment will be as effectual .as if there had been an administration. Tlie statute (Hart. Dig., art. G98) prevents tlie snit from abating by the death of a party, and authorizes tlie legal representatives to be made parties. By tlie common law tlie heir represented the ancestor in respect to lands, and tlie act of 1840, in force when the descent in tins case was cast, provides that ail tlie estate, real and personal, shall descend to tlie heir. (Id., art. 57G.) The act of 1S38 (pp. 33, 34, sec. 2) provided that where any person shall die intestate and no oiie will administer, tlie heir may ■be made party by scire facias; and in ease lie be a minor, tile court shall appoint a guardian to defend tlie suit, &c. The latter provision in respect to the
*28 appointment of a guardian is substantially re-enacted in tlie law of 1S1G. (Ilart.-l)ig., art. 702.) The section first above cited manifests no intention to change tlie former law in respect to tlie persons who were to be considered tlie legal representatives of tlie deceased. Until administration, and especially in reference to lands, tlie lieir, we think, is to be so regarded within (lie meaning of the statutes passed to prevent tlie abatement of suits upon tlie deatli of a party pendente lite. Tho court appointed a guardian for the minor heirs, who. appeared and conducted tlie defense on their part, and there was no necessity to serve them with process.
We do not deem it necessary to discuss more at length tlie questions presented by the assignment of errors, for tlie reason that, we are of opinion, that tlie writ of error lie dismissed.
Writ of error dismissed.
Note 8. — Cochram v. Day, 27 T., 385.
Note D. — Grayson v. Winnie, 13 T., 288.