Cochrane v. Day.

W. W. COCHRANE v. W. S. DAY AND WIFE.

The petition or citation in error must describe the judgment of the court below with sufficient accuracy to notify the defendant in error, with reasonable certainty, what judgment it is proposed to revise.

When a person seeks to reverse a judgment to which he is not a party, he must show his right to have the judgment revised, by proper averments.

Where the heirs of an estate filed their petition for a writ of error to revise a judgment rendered in the District Court, on an appeal from the County Court, in a proceeding instituted by the administrator of the estate, (under art. 766, O. & W. Dig.,) for allowance of his claim against the estate, it was necessary for the heirs, inasmuch as they were not parties to the proceeding, to have alleged in their petition for the writ of error that the suit against their ancestor's estate was brought by, or on behalf of, its personal representative, and that the plaintiff still occupied that relation to the estate, or, at least, that no other person was, at that time, the representative of it.

Where a person seeks, as guardian of minors, to sue out a writ of error in a suit to which he is not a party as guardian, it is not sufficient for him merely to describe himself as guardian in his petition for the writ. He must, by proper averments, show his character and interest as guardian.

ERROR from Austin. Tried below before the Hon. Robert J. Townes.

On the 31st of January, 1849, Emeline Day, administratrix of James Cochrane, deceased, joined by her husband, W. S. Day, filed in the County Court of Austin county, a claim against Cochrane's estate for the sum of fifteen thousand dollars, with interest at ten per centum per annum since 1835. This claim was evidenced by a deed of trust executed by James Cochrane, on the 25th of April, 1843, upon certain real estate, slaves and personalty, for the purpose of securing to said Emeline, then his wife, the payment of said sum, in which, as appeared by the deed of trust, he was indebted to her by his " obligation in writing," of date February 10, 1835, made in consideration of her promise of marriage to him. The obligation itself was not produced, or accounted for.

At the May Term, 1849, of the County Court, the claim was allowed by order of the court, dated May 29, 1849; but on the

25*

next day, the court being still in session and notice given to the claimants, the order of allowance was set aside, and the matter continued. From this latter order, the claimants, Day and wife, appealed to the District Court ; which, after repeated continuances, decreed at its Spring Term, 1854, that the County Court's decree of May 30, 1849, be reversed, and that the decree of the 29th of May, 1849, stand in full force.

On the 26th of November, 1849, the plaintiff in error filed his petition for a writ of error, as follows :

" Emeline Day and William S. Day, her husband,
vs.
" The Estate of James Cochrane, deceased.

" And now comes William W. Cochrane, in his own right, and also as guardian of John D. Cochrane and James F. Cochrane, all of whom are heirs and children of the said James Cochrane, deceased, and represent that there was a judgment obtained against the estate of their said father, on or about the 25th day of April, A. D. 1854, in a certain suit described above. Your petitioners represent that, at the time said suit was determined, all of them were minors, and wholly unable to represent themselves, as will appear from the affidavits to this petition attached, and that this writ of error has been, and is, sued out before two of them are of age, and less than two years after the oldest, the said William W. Cochrane, became of age. Your petitioners further represent that, in the rendition of said judgment, there were many and manifest errors ; wherefore they pray for a writ of error to the Supreme Court."

Affidavits to the respective ages of the petitioners were attached to this petition.

*Hunt & Holland, Lipscomb & Robson,* for defendants in error—move to dismiss the writ of error, for the following reasons :

1. Because it nowhere appears, from the record, that the present plaintiffs were parties to the suit in which the judgment of the District Court was rendered, or that they were represented by

Cochrane v. Day.

guardian, *prochein ami*, or by attorney, or appeared in person in said cause, either in the District Court, or in the County Court in which the proceeding was commenced. (Hartley's Dig., art. 993, 1242.)

2. Because it nowhere appears, from the record, that the plaintiffs in error have any interest in the matters which they are attempting to have litigated in this court. (O. & W. Dig., art. 554; 2 Tex. R., 424.) It is not even alleged that W. W. Cochrane is the legally appointed guardian of John D. and James F. Cochrane.

3. Because it is not stated in the petition for writ of error, by what court, or at what time, W. W. Cochrane was appointed guardian of John and James F. Cochrane, and it affirmatively appears from the record that he was not a party to the suit or proceeding in the County or District Court, either in his own right, or in the capacity of guardian.

4. Because it is not alleged in the petition for writ of error, who were the parties to the suit in the District Court in which the judgment was rendered, to reverse which this writ of error is sued out; nor is it alleged where, in what county or State, the defendants in error reside; nor is it alleged that Emeline Day and her husband, W. S. Day, were the administrators of James Cochrane, deceased, at the time of the suing out of the writ of error.

5. Because the petition for writ of error does not set forth the amount or nature of the judgment rendered by the District Court; nor does it state in whose favor such judgment was rendered. (Sayles' Prac., § 618.)

6. Because it nowhere affirmatively appears, from the record, that the plaintiffs in error are the heirs or children of James Cochrane, deceased, or that they, or any of them, were minors at the date of the rendition of the judgment; and there is no proof of heirship appended to, or annexed to, their petition for writ of error; and the attempted proof of their respective ages, attached to said petition, is *ex parte* and insufficient.

7. Because it does not appear from the petition for writ of error in this cause, nor from the record, that the defendants in error

were notified that the affidavits of W. W. Cochrane and Betsy Cochrane, appended to the petition for writ of error, would be taken, or that they had any opportunity of examining the witnesses about matters in reference to which they testify; and the said affidavits are *ex parte*. (Dial v. Rector, 12 Tex. R., 99.)

8. Because the proof appended to petition for writ of error is insufficient to establish the heirship or minority of the plaintiffs in error.

(Exceptions to the bond for the writ of error were also filed, but need not here be set out.)

*Lewis & Harris*, and *Harris & Kavánaugh*, for the plaintiffs in error—opposing the motion to dismiss the writ of error, cited Dial v. Rector, 12 Tex., R., 99; Harris v. Hopson, 5 Texas R., 529; Hagan v. Foison, 10 Peters' R., 160; and Mills v. Howard, 12 Texas R., 9.

MOORE, J.—The petition for a writ of error in this case is glaringly defective, and the motion to dismiss it must be sustained. The practice of this court in dispensing with merely formal averments, or such as are unimportant for the protection of the opposite party, in petitions for writs of error, has always been justly liberal. But it has also been held that the petition or citation must describe the judgment with sufficient accuracy to notify the defendant, with reasonable certainty, what judgment it is proposed to revise. And when one seeks to reverse a judgment to which he is not a party, he must, by proper averments, show his right to do so. (Graham v. Sterns, 16 Tex., 153; Thomas v. Jones, 10 Tex., 52.) The petition for a writ of error in this case neither gives the nature or character of the suit, its number on the docket, or the amount of the judgment. The statement in the petition is, " there was a judgment obtained against the estate of their said father, on or about the 25th day of April, A. D. 1854, in a certain suit described above," referring, doubtless, to the title of the suit placed at the head of the petition, which is " Emeline Day and William S. Day, her husband, v. The Estate of James Cochrane, deceased." An inspection of the record shows that the de-

Cochrane v. Day.

scription is not only vague and imperfect, but is, in fact, erroneous and calculated to mislead. The natural inference from this description would be, that the suit to which reference is made, was between Day and wife and the personal representative of Cochrane's estate. It would hardly be supposed from the petition, that Mrs. Day was the administratrix of the estate, and that the judgment in question was rendered in a proceeding, by which the statute authorizes an administrator to establish a claim for money due him by his intestate.

Neither is the petition sufficiently full to show that Cochrane's children had a right to prosecute the writ of error, or that there is a necessity for their so doing. For this purpose it was certainly necessary to have alleged that the suit against their father's estate had been brought by and on behalf of its personal representatives, and that the plaintiffs still occupied that relation to it, or, at least, that no other person was, at that time, the representative of it. The petition is also defective, in so far as William W. Cochrane seeks to prosecute it as guardian of the two minor children; the mere averment that he does so as guardian is insufficient. (Thomas v. Jones, *supra*.)

We are of the opinion that the writ of error be dismissed.

Writ of error dismissed.