## JOHN BEAL v. JOHN G. BATTE, EX'R.

The statute requires the petitioner to plainly and distinctly set forth the cause of action. If the party sue in his representative character, he must aver such facts as show his authority. (Paschal's Dig., Art. 1427, Notes 526, 527.)

ERROR from Falls. The case was tried before Hon. R. S. GOULD, one of the district judges.

The petition merely described the plaintiff as "executor of John F. Edwards, deceased;" set out the note; and concluded with a general averment of non-payment. The demurrer objected, that the petition did not show the representative character of the defendant. The demurrer was overruled, and there were a verdict and judgment for the plaintiff, from which the defendant prosecuted error.

*Thomas D. Williams*, for plaintiff in error, insisted that the word "executor of," &c., was only personal description. (Clark v. Lowe, 15 Mass., 476; Talmadge v. Chapel, 16 Mass., 71; Dallam's Dig., 548; McKinney v. Peters, 4 Bibb, 83; Giddin v. Irvin, 5 Burr, 518; 8 Humph., 197; 7 Blackf., 391.)

A plaintiff who sues must show by stated facts the very right of that person in law to recover. (Mathason v. Grant, 2 How., 263; Sabin v. Hamlin, 2 Pike, 485;

Opinion of the court.

Watkins v. McDonald, 3 Pike, 266; Cushing v. Gibson, Walk., 87; Cummings v. Edmondson, 5 Porter, 145; 1 U. S. Eq., 505, §§ 331, 643; Brown v. Jones, 10 Gill & Johns., 334; 3 J. J. Marsh., 97; 2 Bar. Com. Sup. Ct., 368; 1 Eng., 404; 5 Porter, 145.)

No brief for the defendant in error has been furnished to the *Reporter*.

MORRILL, C. J.—Batte, executor of the last will and testament of John F. Edwards, deceased, instituted suit against Beal, based upon a note executed by the latter in favor of John F. Edwards.

Beal excepted to the sufficiency of the petition, because it did not disclose the right of plaintiff to bring suit, inasmuch as it is not alleged that Edwards ever indorsed or assigned the note, or that he was dead, and that Batte was the administrator or executor of his estate, appointed by the authorities of this state. The court overruled the exceptions, and this is the only error assigned.

The second thing requisite in a petition, according to article 1427, [Paschal's Dig.,] is "a full and clear statement of the cause of action, and such other allegations pertinent to the cause as he may deem necessary to sustain the suit."

The cause of action in this case is a note, which is fully and clearly set forth, or would be if the payee of the note were plaintiff in the suit. But as this is not the case, our next inquiry is, has the plaintiff made such allegations as are necessary to show that he is authorized to bring suit in this cause of action? There are three, and perhaps more, ways by which plaintiff could bring suit on this note: First, by being the indorsee of the note; second, the assignee in bankruptcy; third, executor or administrator of the payee. And if he should bring suit in either of these capacities he should make such allegations as would authorize the

court to make the inference therefrom that the party was authorized to appear in such capacity. If, for instance, the plaintiff sue as the assignee of a note, he must state that the payee did indorse the note, or such other allegation as would enable the court to decide that he was the assignee. He must not state inference, and cause the court to make, either mentally or otherwise, the allegation.

In the case before the court there is no allegation that the payee is dead, or that the plaintiff is the legal representative. The petition begins with, "John G. Batte, executor of the last will and testament of John F. Edwards." Had the petition anywhere stated that Edwards had died, that he made his will in his lifetime, and that the plaintiff had been appointed in the will the executor, that the will had been admitted to probate and that plaintiff had accepted and had been qualified as executor, and had he further stated that he was recognized as such executor by a county court of a county in this state, then would the court have been authorized to infer, as a conclusion of law, that the plaintiff was executor of the last will and testament of John F. Edwards, deceased.

As the court did not judicially know that the plaintiff was executor of the will of the payee, and as there is no allegation to that effect, the exception should have been sustained.

REVERSED AND REMANDED.