## C. W. EGERY ET AL. V. JAMES POWER.

1. This court rendered judgment March 7, 1855, in an action of trespass to try title, after the death of the original appellee who was plaintiff below, and the executrix of whose will was made appellee in his stead, but without making the heirs parties : *Held*, that this court had jurisdiction.
2. Though a plaintiff may become appellee in this court, he is here a defendant only as to the alleged errors of the lower court; and if he dies pending an appeal, his heirs are not necessary parties, but the case may proceed to judgment on making his executor a party.
3. *Quære:* Whether, on motion of parties representing themselves to be the heirs of one who died pending an appeal to this court, and who here ask to set aside a judgment of this court because they were not made parties, this court has jurisdiction to inquire *dehors* the record, and determine the question of heirship?

MOTION made in May, 1872, to set aside a judgment of this court rendered in March, 1855.

The judgment was rendered in an action of trespass to try title to land, brought in Refugio county by James Power, in 1849, against Cyrus W. Egery, Joseph F. Smith and Henry Smith.  By change of venue the case was removed to Jackson county, where it was tried September 30, 1851, and judgment rendered for the plaintiff, Power, from which the defendants appealed.

Pending the appeal James Power, the appellee, died ; his death was suggested, and his widow, Tomasa Power, as executrix, was made a party appellee in his stead, without making the heirs parties.  The cause was decided at the Galveston Term of the Supreme Court, 1855.  By this decision the title of Power was declared void, the judgment of the District Court was reversed, and the cause remanded for further proceedings.

The plaintiffs, at the death of their ancestor, were minors, and by the will of their ancestor the estate was to remain in the possession of the executrix until all of

his children became of lawful age, when it was to be distributed equally among them. On the youngest child attaining to the years of majority, the heirs prosecuted this motion to set aside the decision of the Supreme Court, and reinstate the case for trial.

*C. A. Russell, Hancock & West,* and *Moore & Shelley,* for the motion. — Superior courts have at all times the power to declare judgments void where the record itself shows that such judgments were rendered without authority, or that the courts had not jurisdiction of the parties, or of the subject matter. (Horan v. Wahrenberger, 9 Texas, 314; Elliott v. Piersol, 1 Pet., 328, 340; Voorhees v. Bank of United States, 10 Pet., 473; Williamson v. Berry, 8 Howard, 540; Moore v. Easely, 18 Ala., 619; *Ex parte* Crenshaw, 15 Pet., 123; Bank of United States v. Moss, 6 How., 31; Burr v. Lewis, 6 Texas, 76; also, 10 Yerg., 310; 9 Geo., 247; 12 Ill., 203; 15 Ala., 800; 20 Ohio, 344; Lytell v. Fenn, 3 McLean, 411; Ault v. Elliott, 2 Cranch, 372; Homans v. Coombs, Id., 681; Porter v. Marsteller, 1 Cranch., 129; Jackson v. Bank of United States, 5 Cranch, 1.)

Under the common law a bill of review could be brought at any time within twenty years, to revise a judgment for errors apparent upon the record.

This court will entertain motions to set aside judgments that are void for want of jurisdiction, or for other cause, and will hear affidavits and other proofs in support of such motions. (Hart v. Mills, 31 Texas, 313; Harris v. Hopson, 5 Texas, 529; Martel v. Hernshieme, 9 Texas, 294; Dial v. Rector, 12 Texas, 99; Chambers v. Hodges, 23 Texas, 110; Burr v. Lewis, 6 Texas, 76.)

The judgment rendered by this court in this case, on the seventh day of March, 1855, was void for want of jurisdiction. (23 Texas, 110, 455; 9 Ib., 313.)

"The jurisdiction of a court is the power given it by law to take cognizance of and try the case before it." (The State of Rhode Island v. The State of Massachusetts, 12 Pet., 717; United States v. Aredondo, 6 Pet., 709; 25 Texas, 136, Russell v. Mitchell; Comstock v. Crawford, 3 Wallace, 347; 7 Wallace, 694; Ib., 306; 6 Ib., 246; 5 Ib., 824; see, also, Flanagan v. Pierce, 27 Texas, 79; Andrews v. Beck, 23 Texas, 455; Cowan v. Mixon, 28 Texas, 230; Evans v. Pigg, 28 Texas, 586; Baker v. Chisholm, 3 Texas, 158; Thomas v. Jones, 10 Texas, 53; Withers v. Patterson, 27 Texas, 494; 28 Texas, 230.)

The law has given to the courts no power to decide upon the rights of parties, without such parties are before the court, and invoke its action. All parties whose interests are to be affected must be before the court. (Ottenhouse v. Burleson, 11 Texas, 87; Teas v. Robinson, Ib., 776; Mitchell v. De Witt, 20 Texas, —; Allison v. Shilling, 27 Texas, 450; 12 Texas, 99, before cited; see, also, Verden v. Colman, 1 Black's Rep., 472; Barbour on Parties, 293, 299; Broom on Parties, 108; Connelly v. Taylor, 2 Pet., 564.)

The plaintiff brought suit upon a title from the Mexican government, and obtained a verdict and judgment of the District Court establishing its validity. This judgment was sufficient assurance of title to vest the title in the plaintiff, without reference to the evidences upon which it was based. It constituted in itself a valid title to the land, until it was reversed or set aside. (Fisher v. Miller, 20 Texas, 572; Voorhees v. Bank of the United States, 10 Pet., 473; Elliott v. Piersol, and other cases before cited; 2 Smith's Leading Cases, 553.)

The judgment is not vacated by an appeal where the appeal is in the nature of a writ of error; and the appellate court does not try the case *de novo*, but revises the

case upon errors. (Powel on Appellate Procedure, 358, 371, 373.)

The plaintiff, James Power, died pending the appeal in this court, and, upon his death, the title which had been vested in him by the judgment of the District Court immediately vested in his heirs. (Paschal's Digest, Art. 1373, and cases cited ; Walker on American Law, 352 ; Bufford v. Holliman, 10 Texas, 560 ; Ansley v. Baker, 14 Texas, 607.)

" The estate at the death of a party vests immediately in the heirs as the true and lawful owners." Fisk v. Norvel, 9 Texas, 16.) Upon the grant of letters testamentary or of administration, the estate passes from the heirs *sub modo* for the purposes of administration only. (Patton v. Gregory, 21 Texas, 518.)

The common law has been the rule of decision in this court since 1840, except so far as modified by statutory provisions. By the common law this suit would have abated at the death of a party. (Alexander v. Barfield, 6 Texas, 402 ; 2 Tidd Pr., 932 ; 3 Rob. Pr., 243, 288.)

This rule of the common law was modified by act of May 12, 1846, regulating proceedings in the Supreme Court. (Paschal's Digest, Art. 1573.) The provisions of this act are as follows, to-wit:

" When any person, plaintiff or defendant in any suit pending in the Supreme Court, shall die, it shall be lawful for the clerk, during the recess of the court, upon aplication by petition, to issue proper process to enable the court to proceed to final judgment in the name of the representative of such deceased person."

The question then arises, who is the " representative " of a deceased person ? Is it the heir, or the executor or administrator ?

In all matters affecting the title to real estate which had descended to the heir, the heir was the representative

of the deceased. (*Vide* Webster's Dictionary—"Representative: one who stands in the place of another as heir, or in the right of succeeding to an estate of inheritance, or a crown." Also, Burrill's Law Dictionary.) "The heirs, executors and administrators are compendiously styled the real and personal representatives of the deceased." (2 Stephens' Com., 243; 2 Black. Com., 503; 1 Will. Extrs., 1851; Wharton's Law Lex., Art. Executor and Heir; also, Bouvier's Law Dict., Art. Executor.)

The act of 1848, regulating proceedings in the probate courts (§ 135, Art. 1396, Paschal's Digest), provides, "that the rights, powers and duties of executors and administrators shall be governed by the principles of the common law where not otherwise provided."

Nothing is contained in this act to give to executors or administrators power to litigate the titles of the deceased to real estate. They had no such power under the common law, and none was bestowed upon them by this act.

The heirs were necessary parties, and ought to have been made so before any adjudication was made upon the title. (31 Texas, 347; Ottenhouse v. Burleson, 11 Texas, 87; Teas v. Robinson, Ib., 774; Thomas v. Jones, 10 Texas, 53; Blair v. Cisnero, 11, Texas, 41; Bouv. Law Dic., Abatement Pleading, ¶ 16; Barbour on Parties, 245, 320; 1 Dan. Ch. Prac., 185, 256, 260, 253; Douglass v. Massie, 16 Ohio, 271; Russell v. Clark, 7 Cranch, 69; 4 Mass., 354; 1 Ib., 35; 16 Ib., 280; 3 Ib., 268; 5 Ib., 240; 14 Ib., 500; 4 Ib., 598; 2 Ib., 478; 1 Pick., 157; 3 Cow., 299; Shep. Touch., 472; MacNamarra on Nullities, 4.)

From these authorities it follows that the judgment of the court rendered in the cause was void for want of jurisdiction of the parties in interest. (2 New Hamp., 191; 2 Smith's Leading Cases, 553, Fisher v. Herndon; Paine, 55; 25 Miss., 513; 2 McLane, 511; 11 Georgia, 453.)

This court has authority, under its general powers as a

superior court, to devise such modes, establish such rules and issue such process as may be found necessary to effect the objects of justice in a case brought properly before it. (Tucker v. Anderson, 25 Texas Sup., 155; Pas. Dig., Art. 1578; Pas. Dig., note 182, page 57; Evans v. Pigg, 28 Texas, 586; 11 Texas, 776; *Boni Judicis est Amplaire* — Broom's Legal Maxims; Barry v. Randolph, 3 Binn., 277; Vanatta v. Anderson, 3 Binn., 417, S. P.; 10 Yerg., 310; 9 Geo., 247; 12 Ill., 203; 20 Ohio, 345; 15 Ala., 800; 18 Ala., 619.)

No brief for defendants in motion has reached the hands of the Reporters.

OGDEN, J.—This is a motion to set aside a judgment and decree of this court rendered in March, 1855, for the want of jurisdiction in this court of the parties in interest in the subject matter in litigation in said suit.

The judgment sought to be vacated by this motion originated in an action of trespass to try title to certain lands, brought by James Power against the defendants to this motion in Refugio county in 1849, which, by change of venue, was removed to Jackson county, where the plaintiff, Power, obtained a judgment in 1851, and the defendants below appealed to this court. Pending the appeal James Power died, and his widow and executrix was made a party appellee as his representative, and the cause was decided by this court in 1855, reversing the judgment of the District Court, and remanding the cause for further proceedings. It appears that no further action has been had in the matter by the District Court, and the heirs of James Power now present this motion to set aside that judgment on account of its nullity, for the reason that on the death of James Power they, and not the executrix, were not made parties to the suit. They claim that they, on the death of James Power, were the only

legal parties to represent the appellee, and that, as they were minors, and were not made parties, the cause was decided without parties, and therefore without jurisdiction in the court, and that the judgment in consequence is null and void.

It may be stated as a well settled principle of law, that where a judgment is clearly void for the want of jurisdiction, time, however long protracted, can in nowise affect or change its nullity; but it is also well settled, that after a long lapse of time every reasonable and fair presumption will be indulged in to sustain the regularity, legality and jurisdiction of the courts; and at least no judgment will be declared void until it be made clearly to appear from the law, or the facts of a case, that it is a nullity.

It is also a well recognized principle of law and equity, that where a particular construction has for a long time been placed upon a statute by the courts of the country, and has been recognized by the whole community as a true and correct interpretation, where questions of the rights and interests of parties have long since arisen and been settled, it is not the true policy of wisdom or justice to change that construction, and thereby unsettle the affairs of society, and disturb adjudicated rights, unless demanded by very solemn and weighty considerations. Where the courts have, upon mature adjudication, taken cognizance of a matter, and assumed jurisdiction of a person, or cause, that adjudication should not be set aside, except upon the most urgent demand of law and justice.

Let us, then, look to the law and decisions touching the question raised by the motion in this case, and see if this court was clearly without jurisdiction of the subject matter, or the parties at interest, when the decision complained of was made. The cause was regularly appealed from the District Court during the lifetime of Power, and

it is not questioned that up to the time of his death this court had complete jurisdiction of the whole case; but at his death the widow and executrix, and not the minor heirs, was made a party. Article 1447, Paschal's Digest, provides, that "Suits for title, or for the possession of lands, or for any right attached to, or growing out of the same, or for any injury or damage done thereto, may be instituted by executors, administrators, or guardians, in like manner as they could have been by their testator or intestate, and judgment in such cases shall be as conclusive as if rendered in favor of their testator or intestate." This statute is without ambiguity, and we are not aware that but one construction has ever been contended for it. It is very clear that if Power had died before the institution of this suit, the executrix would, under this statute, have had full authority to institute this suit, and to prosecute the same to final judgment, whether an appeal had been taken to this court or not. (Lacy v. Williams, 8 Texas, 182; Givens v. Davenport, 8 Texas, 451; Thomas et al. v. Jones, 10 Texas, 52; Patton v. Jones, 21 Texas, 513; J. R. Bartlett v. R. T. Bartlett, 31 Texas, 344.)

But it is contended that there is no law authorizing suits to be brought against executors or administrators, where the title to land is brought in question; and that this suit was decided in favor of Power in the lower court, and appealed by the opposite party; and that, therefore, while in the appellate court, the suit was against Power, and the appeal could not be prosecuted against his executrix. We do not so understand the law in relation to the relative position of the parties litigant. The plaintiff below may assume the relative position of defendant in this court, but he is defendant only in relation to alleged errors of the lower court, while he is as much the plaintiff in regard to the original subject matter of the suit in this as in the lower court; and it cannot properly be said that

because a party appeals a cause in which a judgment has been rendered in favor of an administrator or executor, that he thereby brings suit against the administrator or executor.

But it would seem that the latter clause of Article 1373, Paschal's Digest, was intended to settle that question, for it provides that the executor or administrator shall have a right to the possession of the estate he represents, and that it shall be his duty to recover and hold possession of the same in trust.

This court has frequently had the question raised by this motion under consideration, and it is believed it has uniformly recognized the right of the executor or administrator to be made party in a suit, when the testator or intestate had died *pendente lite*, whether in the District or Supreme Court. (Givens v. Davenport, 8 Texas, 465; Thomas v. Jones, 10 Texas, 52; and in the case at bar, Egery *et al.* v. Power.) The opinion of the court in this cause was delivered by Hemphill, C. J., and has, ever since, been regarded as one of the leading authorities in regard to colonial grants made by the government of Coahuila and Texas, and the right to appropriate, under those grants, land within the littoral leagues. It appears that the court, then, had no doubt of its jurisdiction over the case, and that the right parties were before the court.

That an executor or administrator may prosecute a suit for title or possession of land belonging to the estate he represents, has been too often decided by this court to require at this time reference to cases. The cases referred to by the plaintiff to this motion (found in 10 Texas, 52, and 31 Texas, 344) fully recognize the law as here enunciated. We are clearly of the opinion that when this case was decided the court had complete jurisdiction, not only of the subject matter, but also of the parties interested.

There is another question raised by the defendant

in this motion, which might have great weight in the proper disposition of this case, if other considerations had not already disposed of the motion. Parties representing themselves to be the heirs of James Power, deceased, have filed this motion; but it may be questioned whether this court, having only appellate jurisdiction, has any power or authority to inquire into or determine the question of heirship as an original matter.

For the reasons here given the motion is overruled.

MOTION OVERRULED.