### JAMES T. ROUNDTREE ET AL. V. A. M. STONE ET AL.

#### No. 7838.

**1. Writ of Error Dismissed — Parties.** —The petition below contained the following allegations: "John C. Gibbons and D. C. Scott, executors and trustees under the last will and testament of E. Gibbons, deceased, plaintiffs, complaining of, etc., * * * represent that on the 1st day of January, 1883, plaintiffs were lawfully seized and possessed of the tract of land hereinafter described, * * * holding the same in fee simple [describing it]. That afterward * * * defendants entered upon said premises," etc. From this it is shown that the plaintiffs were suing in their own right and not as executors or trustees.

**2. Same — Parties.** — Heirs of the testator after two years sought to prosecute a writ of error from the judgment. *Held,* that they as plaintiffs in error did not identify themselves with the plaintiffs in the suit in any way to entitle them to prosecute error. The writ necessarily is dismissed, but without prejudice, inasmuch as they were not bound by the judgment.

ERROR from Wise. Tried below before Hon. H. C. Ferguson, Special District Judge.

This was a motion to dismiss, on a writ of error.

*A. M. Carter, R. E. Carswell,* and *H. C. Ferguson,* for motion, cited Rev. Stats., art. 1409; Ferris v. Streeper, 59 Texas, 313; Rider v. Duval, 28 Texas, 624; Gayle v. Ennis, 1 Texas, 184; Lipscomb v. Ward, 2 Texas, 277; Groce v. Herndon, 2 Texas, 410.

*Maxey, Lightfoot & Denton,* resisting motion.—And now come plaintiffs in error and contest the motion to dismiss:

1. Because the writ of error was sued out more than two years after the rendition of the judgment; but that at the time said judgment was

rendered plaintiffs in error were minors, and plaintiff in error Mary Kate Gibbons is still a minor, and said Paree Roundtree was a minor until her marriage with her coplaintiff in error Jas. T. Roundtree within less than two years from the filing of the petition in error, all of which fully appears from the record.   Rev. Stats., art. 1389.

2.    Because plaintiffs in error were parties to the suit below as fully as minors could be parties represented by their trustees, in this, that Ed. Gibbons, the ancestor of plaintiffs in error, died January 26, 1881, leaving his will, which was duly and legally probated, devising the land in controversy to said plaintiffs in error, and this suit was brought by them as such trustees for said Paree and Mary Kate under said will. Rev. Stats., art. 1389; Kremer v. Haynie, 67 Texas, 450; Simmons v. Fisher, 46 Texas, 126; Harvey v. Carroll, 72 Texas, 66; Hanks v. Crosby, 64 Texas, 484; Collins v. McCarty, 68 Texas, 154.

STAYTON, CHIEF JUSTICE.—On March 9, 1883, John C. Gibbons and D. C. Scott instituted against defendants in error an action of trespass to try title, which on November 17, 1883, resulted in a judgment in favor of the defendants, and from that judgment plaintiffs in error seek to prosecute a writ of error on the theory that, as they were then and continued to be minors until within less than two years before perfecting writ of error, and were represented by the plaintiffs as executors of their father's will and trustees for them under its provisions, they now have the right to prosecute the writ.

Defendants in error file a motion to dismiss the writ of error because not perfected within two years after the judgment was rendered, and on the further ground that plaintiffs in error were not parties to the action, nor heirs, executors, or administrators of any party to it, and they contend that John C. Gibbons and D. C. Scott prosecuted the action in their own right and not as executors of the will of the father of plaintiffs in error nor as trustees of their estates, and we are of opinion that the conclusion of defendants in error in this respect is correct.

The character in which Gibbons and Scott brought the action must be determined by their petition, as it shows the right which they could, and sought to, assert under it.   The petition in so far as it bears on this question contains the following:  "John C. Gibbons and D. C. Scott, executors and trustees under the last will and testament of E. Gibbons, deceased, plaintiffs, complaining of, etc.,   * * *   represent that on the 1st day of January, 1883, plaintiffs were lawfully seized and possessed of the tract of land hereinafter described, situated in said county of Wise, holding the same in fee simple; that afterward, to-wit, on the day and year last aforesaid, defendants entered upon said premises and ejected plaintiffs therefrom and unlawfully withheld from plaintiffs the possession thereof, to their damage $5000;   * * *   they pray that plaintiffs

have judgment for the restitution of the above described premises and for their damages," etc.

From this it must be held that plaintiffs were asserting a right in themselves and not one of which they were the mere representatives as executors or trustees of plaintiffs in error. The words "executors and trustees under the last will and testament of E. Gibbons, deceased," must be deemed as merely descriptio personae (Rider v. Duval, 28 Texas, 624; Gayle v. Ennis, 1 Texas, 186), and the title which the plaintiffs put in issue was one which they alleged vested in themselves in fee simple. If we look to the will of E. Gibbons we see that no such estate vested in the plaintiffs through it, and the court below may have based its judgment on the fact that plaintiffs showed no title in themselves, though satisfied that title to the land vested in plaintiffs in error through the will of their father.

As there is no privity shown between the plaintiffs in error and the plaintiffs, it is manifest that the former can not prosecute a writ of error from the judgment rendered against the latter, and it therefore becomes unnecessary now to decide whether, on account of their minority, they could, after the lapse of two years from rendition of the judgment, prosecute a writ of error had plaintiffs represented them as the executors of their father's will or as trustees under it. If any right plaintiffs in error have they may prosecute it without reference to this action, for, not being parties to it directly or through representatives, they are not bound by the judgment rendered in it.

The writ of error will be dismissed.

*Writ of error dismissed.*

Delivered June 5, 1891.