## L. A. WILSON v. W. L. HALL.

### Delivered April 11, 1896.

**Pleading—Action by Administrator—Averment of Capacity.**

In an action by an administrator upon a judgment, where the petition alleges
only that plaintiff was appointed and qualified as temporary administrator of the
estate, and was afterwards appointed permanent administrator, with prayer "that
plaintiff have judgment," etc., but nowhere alleges that he seeks to recover for the
benefit of the estate, it is insufficient to support a judgment in his favor as adminis-
trator.

APPEAL from Dallas.   Tried below before Hon. EDWARD GRAY.

*Morris & Crow,* for appellant.—The plaintiff's amended petition as
set out in the record alleges that plaintiff was appointed as temporary
administrator, and afterwards as administrator, but does not  otherwise
indicate that the suit is prosecuted is such fiduciary capacity.   In the
absence of any individual right, the pleading is not sufficient to support
the judgment.   Roundtree v. Stone, 81 Texas, 299, and authorities
there cited; Rider v. Duval, 28 Texas, 623;  Cochran v. Day, 27 Texas,
385.

No brief for appellee reached the Reporter.

FINLEY, ASSOCIATE JUSTICE.—This is a suit upon the  judgment of
a Circuit Court of the State of Missouri, in favor of Thomas Allen, for
$2488.41, against Louis A. Wilson.   W. L. Hall was the plaintiff in
this suit in the court below.   His petition recites, "that on the 15th day
of January, 1892, he was appointed and duly qualified as temporary ad-
ministrator of the estate of Thomas Allen, deceased, late of  the city of
St. Louis, State of Missouri; that since said date he has been appointed
by the County Court of  said  Dallas County, Texas, permanent admin-
istrator of said estate."   The petition in no other way refers to his
character as the administrator of the estate of Thomas Allen.   The
prayer is, "that the plaintiff have judgment," etc.   The petition does
not state that said Hall prosecutes the suit as administrator, and con-
tains no allegations showing that he seeks to recover for the benefit of
said estate.   The cause was tried in the court  below and resulted in a
judgment in favor of plaintiff, from which this appeal has been per-
fected.

*Conclusions.*—There is no statement of facts contained in the record. The trial judge filed the following conclusions of fact, which we adopt:

"1. I find that March 13, 1879, Thomas Allen filed suit on two promissory notes, one for $591 and the other for $885.08, against L. A. Wilson, in the Circuit Court of the tenth judicial circuit in and for Cape Girardeau County, in the State of Missouri, and that on the 17th day of March, 1879, L. A. Wilson was duly and legally cited to appear and answer therein, and it remained a pending suit until January 2, 1882, when the attorneys of said Wilson filed an amended answer, pleading payment of said notes, and failure of consideration, and asking for judgment in reconvention over against plaintiff for $2000.

"I find from the recitals in the judgment, that January 6, 1882, said cause came on for trial before a jury in said court, all parties appearing by attorneys, and upon the verdict of the jury plaintiff Thomas Allen recovered against L. A. Wilson, defendant, judgment for $2488.41, and costs. I find no execution ever issued on this judgment.

"2. I find that January 5, 1892, the County Court of Dallas County, Texas, sitting in probate, appointed W. L. Hall temporary administrator of the estate of Thomas Allen, deceased; that the order of appointment recites that Thomas Allen died April 8, 1882, and that he had credits in Texas and the judgment sued on which is unpaid, and that there is immediate necessity for suit on same to preserve it, and winds up as follows: 'It is therefore ordered by the court that letters of temporary administration upon the estate of Thomas Allen, deceased, be granted to the said W. L. Hall, he having taken the statutory oath and given bond as required by this court.'

Said appointment was duly signed by the judge of said County Court and attested by the clerk, and before being delivered was recorded in the minutes of said court. The next term of the County Court met the first Monday in February, 1892, and no order was entered then, or at any subsequent term of said court, continuing in force W. L. Hall as temporary administrator of said estate of Thomas Allen, deceased, and no orders or action were had therein until July 10, 1893, when W. L. Hall filed his report as temporary administrator, informing the court of the pendency of this suit, and asking to be appointed permanent administrator of said estate, and said County Court, without notice of said application posted as required by law, or any notice whatever, on November 25, 1893, entered an order appointing W. L. Hall administrator of said estate and fixing his bond at $500, and he qualified as such December 30, 1893.

"3. I find W. L. Hall, as temporary administrator of the estate of Thomas Allen, deceased, filed this suit in this court January 5, 1892, against L. A. Wilson, and citation was issued and served on defendant January 12, 1892, and he at once filed answer and the cause remained on the docket without further orders or action, except orders continuing it, until March 6, 1894, when W. L. Hall, as permanent administrator

of the estate of Thomas Allen, deceased, filed his original amended petition.

"4. L. A. Wilson, defendant, alone testified as to the matters of defense set up in his amended answer, and from his testimony I find the following facts: That March 13, 1879, when the suit of Thomas Allen against L. A. Wilson was filed, the latter resided in Cape Girardeau County, Missouri, and that he at once employed attorneys and filed answer in said suit, setting up the same defense as is contained in his amended answer herein; that he and his attorneys appeared at two or three terms of court ready for trial, when the plaintiff and his attorneys not appearing, the cause was continued; that he insisted on his attorneys having the case dismissed, as the plaintiff or his attorneys did not appear, but said Wilson's attorneys insisted on keeping the case in court, as the latter was sure of recovering a judgment over against plaintiff, and if dismissed, another suit might be instituted; that the last time the case was thus continued was in May, 1880, and about an hour after the continuance was entered defendant Wilson met the attorney of plaintiff, Louis Houck, and he agreed with defendant that the suit might be dismissed, and directed him to have it dismissed, and said Louis Houck then and there stated to said Wilson that plaintiff or his attorneys would not again appear in the case; that Wilson then and there informed Louis Houck he was soon to leave the State of Missouri and move to the State of Texas to live, and that he wanted a distinct understanding about the matter of dismissal before he left, and said Louis Houck assured said Wilson he need give himself no uneasiness, as the case would be dismissed and not come up again; that soon thereafter Wilson saw his attorneys and directed them to have said suit dismissed and to do nothing more, and that any further action in the case by them was without his authority, and that the amended answer of Wilson filed in said suit January 2, 1882, was without any authority from him. That Wilson left Missouri and moved to Texas in August, 1880, and has continuously lived in the city and county of Dallas, Texas, since said date; that during 1881 he was back in Missouri and once or twice saw his attorneys and plaintiff in said suit, but neither made any mention of the same, and he never knew of the judgment until after it was rendered; that before the judgment was rendered a week or two, one of his said attorneys wrote him at Dallas, Texas, that the suit on a certain date was to come up for trial, and when that letter reached Dallas, Texas, defendant was traveling in the southern part of the State, and the letter was forwarded to him, but did not reach him and was returned to Dallas, where defendant received it, and another one, about the same time, from his said attorneys notifying him the judgment had been rendered some month or more before the court adjourned; that his evidence was essential to his defense to said suit; that he never knew of the amended answer filed in this suit January 2, 1882, until the institution of this suit, and never knew of said judgment until the spring of 1882."

From the record as presented to us, we reach the following conclusions of law:

1. The allegations in plaintiff's petition are not sufficient to show that he sues as the administrator of the estate of Thomas Allen, deceased, and seeks to recover judgment for the benefit of said estate. The allegations in the petition, in so far as they relate to his character as administrator, are merely descriptio personæ and cannot be regarded as furnishing a sufficient basis for a recovery by him in the capacity of administrator of the estate of Thomas Allen, deceased. Roundtree v. Stone, 81 Texas, 299; Rider v. Duval, 28 Texas, 23; Cochran v. Day, 27 Texas, 385; Thomas v. Jones, 10 Texas, 52; Beall v. Batte, 31 Texas, 371; Guest v. Phillips, 34 Texas, 176.

2. The conclusions of fact filed by the trial judge show no cause of action in favor of W. L. Hall individually, and as his allegations are not sufficient to permit him to recover as administrator, he was not entitled to recover at all upon the facts proven.

This cause was submitted originally to us upon the briefs of appellant only. We set aside the submission, and directed the attention of counsel on both sides to the questions involved in the case, and requested counsel to re-brief the case in the light of these questions, and re-submit the cause to the court upon such additional briefs and argument. Counsel for appellant complied with the request of the court, and has re-briefed the case, presenting in writing their views of the questions submitted by the court. Counsel for appellee wholly ignored the request of the court, and has declined to in any way support the judgment of the court below. When the cause was decided by this court, counsel for appellee then came in and made a motion for rehearing, and requested that we should file our conclusions, and these conclusions are filed in answer to such request. In view of the action of appellee's counsel in the conduct of the case in this court, we do not feel disposed to enter into a discussion of the various questions in the case; but will content ourselves with filing only such brief conclusions as we deem necessary to a correct disposition of the case.

*Reversed.*