TEXAS & PACIFIC RAILWAY COMPANY v. R. E. TRACY.

Decided February 18, 1905.

**1.—Cattle Shipment—Change of Destination—Measure of Damages.**

Where a contract was made for the shipment of cattle by rail to G., and while they were en route their destination was changed to W. because of quarantine restrictions, the measure of damages for injuries occurring in their transportation was the difference between their market value at G. (not W.) and what would have been their market value had they reached G. in proper condition.

**2.—Same—Harmless Error.**

The evidence showing that G. was a better market for cattle than W., and that plaintiff's damages, if estimated by the market at the former point, would have been still larger, error in the charge, in instructing that the damages were to be estimated on the value of the cattle at W., was harmless as to the defendant.

Appeal from the District Court of Taylor. Tried below before Hon. J. H. Calhoun.

*T. J. Freeman* and *J. M. Wagstaff,* for appellant.

*Legett & Kirby* and *Hardwicke & Hardwicke,* for appellee.

SPEER, ASSOCIATE JUSTICE.—The appellee shipped about 1,000 head of cattle from Merkel, Texas, over the line of the appellant to Fort Worth, Texas, destined to Giles, Texas, a point on the line of the Fort Worth & Denver City Railway. The total freights amounting to $1,150 were paid to appellant. The Fort Worth & Denver City Railway Company refused to transport the cattle to their destination because that

place was above the quarantine line and the cattle were found to be infected with ticks, so their destination was changed at Fort Worth, to Wichita Falls, to which place they were transported by the Fort Worth & Denver Company. The cattle were damaged en route while in the hands of both companies, to recover which damages this suit was instituted in the District Court of Taylor County. There was judgment in appellee's favor against both roads, but the Texas & Pacific Company alone appeals.

A single question is presented for our determination. Upon the trial the court heard evidence as against both defendants over the objections of appellant, going to show loss in the market value of the cattle at Wichita Falls occasioned by the injuries inflicted upon them, and also charged the jury that the measure of damages as against both defendants would be the difference between the market value of said cattle at Wichita Falls in the condition in which they were delivered at that point and in the condition in which they would have arrived and been delivered if they had been transported with ordinary care and promptness. The proposition insisted upon by appellant is that since Giles was the destination of the cattle, and since values at this point were necessarily in contemplation of the parties at the time of making the contract, the prices at this point, and not at Wichita Falls, should have determined the amount of appellee's recovery as against it. We are inclined to agree with this contention, and think that insofar as the recovery against appellant is concerned, the court should have instructed the jury with respect to prices at Giles instead of Wichita Falls. The fact that appellee's cattle were never actually delivered at Giles can not affect the question, as appellee seems to think. It is the well known rule that a carrier is liable for damages to stock undertaken to be transported by it and lost or killed en route, to the extent of their value at destination. In such cases the stock never actually reach their destination, yet values at such place must be proved. So here, it would have been an easy matter to prove by witnesses who were cognizant of the market at Giles and of the condition of the cattle, their value in their injured condition at such place. But notwithstanding our views upon this question, we are yet of the opinion that the judgment must be affirmed, for the reason that all of the evidence upon the question of values at Wichita Falls and at Giles, shows that the latter place was a better cattle market than the former, and that necessarily the damages were greater when tested by the Giles market than they were when determined by the Wichita Falls market; so that the error in the court's charge, inuring as it did, to the benefit of appellant, would not require a reversal of the case.

The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.