## AMERICAN RY. EXP. CO. v. McDANIEL.
### (No. 8263.)

Court of Civil Appeals of Texas. San Antonio. Oct. 23, 1929.

Kleberg & North, of Corpus Christi, for appellant.

E. B. Ward and Albert L. Derden, both of Corpus Christi, for appellee.

FLY, C. J. Appellee sued appellant on a claim for $220; $200 alleged to be damages accruing from the failure of appellant to properly transport 20 barrels of shrimp from Corpus Christi, Tex., to San Pedro, Cal., and $20 for attorney's fees. The cause was tried by jury, and was submitted on special issues, and on the answers judgment was rendered in favor of appellee for the sum of $220.

The jury found that the shrimp when delivered to appellant in Corpus Christi were "in a fit and salable condition for human consumption," and were not in that condition at the time they reached the point of destination. It was found that, if the shrimp had been delivered at destination in good condition, they would have had a market value of $200, but that they were of no value in the condition delivered. The jury found that a reasonable attorney's fee for prosecuting the suit was $50; $30 of the attorney's fee was remitted by appellee.

■ Appellee alleged "that the shipment contained two thousand pounds of shrimp, of the reasonable market value of ten cents per pound, and the same were in fact sold for that price to the consignee." It might, by a liberal inference, be concluded that the market value named was that in San Pedro, although the pleading does not make it clear and plain. There was no proof of the market value in San Pedro of the shrimp; the proof being that the shrimp were sold to the consignee for the sum of 10 cents a pound. It was not alleged or proved that appellant was informed by appellee of the existence of a special contract for the sale of the shrimp in San Pedro to the consignee at a certain price. It was not alleged or proved that shrimp had no market value in San Pedro.

In the absence of knowledge upon the part of the carrier of a special price being fixed on the shrimp at San Pedro, the measure of damages applicable between the carrier and shipper was the market value of the property at the time it arrived at the point of destination, as it was a total loss.

■ As stated by Sutherland, Damages, § 906: "It is well settled law that a carrier, on an entire failure to deliver, is liable for the market price of the goods at the time and place for delivery. So as to a sale of goods. For all damages to the property while in the custody of the carrier the measure thereof is to be settled by the market at the place for delivery. This clearly so as to all inland carriage." This is the rule followed in Texas, whether the goods were intended for the market or not. Railway v. D'Arcais, 27 Tex. Civ. App. 57, 64 S. W. 813; Railway v. Tracy, 38 Tex. Civ. App. 327, 85 S. W. 833. This rule is not assailed in Railway v. White (Tex. Civ. App.) 76 S. W. 947, cited by appellee, but, on the other hand, sustains it, because it was held in effect that the contract price for the cattle and the market value as proved were the same. There was an utter failure to prove any market value of the shrimp in San Pedro.

The judgment is reversed, and the cause remanded.