## In re DUDLEY'S ESTATE et al.

### No. 9851.

Court of Civil Appeals of Texas. San Antonio.

Oct. 16, 1935.

Rehearing Denied Dec. 4, 1935.

Jones & Kirkham, of Corpus Christi, and J. W. Thomas, of Belton, for plaintiffs in error.

Sidney P. Chandler, of Corpus Christi, for defendant in error.

SMITH, Chief Justice.

On May 16, 1929, in pursuance of a compromise agreement, Alma Eugene and Joseph Bernard Dudley, minor children of Annie Dudley, obtained judgment for $10,-000 against the St. Louis Brownsville & Mexico Railway Company, in the Twenty-Eighth district court of Nueces county.

The Texas State Bank & Trust Company of Corpus Christi was thereupon appointed and qualified as guardian of the estates of said minors, by the probate court of said county, and the said sum of $10,000 was paid over to said bank as such guardian.

Five and one-half years later, on December 16, 1933, Sidney P. Chandler, herein designated as defendant in error, filed a claim, in said probate court, to one-third of said $10,000, alleging that, prior to said judgment in favor of the minors, the latter's mother had agreed in their be-half to pay defendant in error one-third of said $10,000, five years thereafter, for his services as attorney in prosecuting the claim against said railway company. The guardian bank allowed defendant in error's claim in full, which, as so allowed, was filed in the probate court for approval.

Thereupon Mrs. Dudley employed an attorney to prosecute a protest against approval of defendant in error's claim, and agreed to pay him $2,000 out of the minors' funds, as a fee for his services to be performed in defeating defendant in error's $3,333.33 claim. The protest of Mrs. Dudley was thereupon filed in the probate court, in which she alleged that she was the mother of said minors, and in their behalf protested against approval of defendant in error's claim, against which she urged estoppel; alleging that throughout these proceedings defendant in error was representing, and was still representing, the bank; that said claim was false and a fraud on the court; and that the alleged contract upon which claimant relied could not bind the minors.

In response to Mrs. Dudley's said protest, and in the recited refusal of defendant in error to substantiate his claim by evidence, the probate court disapproved the claim, whereupon defendant in error appealed to the district court, as provided by statute.

In the district court Mrs. Dudley, who had in the meantime married D. C. Betts (who joined her in the proceedings), filed a plea of intervention, in which she again protested defendant in error's claim. In this plea the Bettses appeared individually and not in any representative capacity, either as next friends or otherwise. They did not purport therein to be acting for or in behalf of the minors. They alleged, as grounds of protest, that Mrs. Betts (Dudley) never agreed to pay defendant in error any compensation in behalf of the minors; that the guardian's approval of defendant in error's claim was "wrongful," "without authority of law," and was negligently and carelessly given by the guardian, by virtue of "representations of the claimant"; that the claim was barred because not presented until more than five years after its alleged accrual; and that, for stated reasons, the claimant was estopped to assert such claim.

When the cause reached the district court, the bank, as guardian, acting through

its chief executive officer, entered into a written contract with an attorney to contest defendant in error's claim in that court, agreeing to pay him a fee of $350 therefor, out of the minors' estates. In pursuance of this purpose the bank filed a vigorous answer and contest of defendant in error's claim, alleging, in substance, that defendant in error had procured the bank, as guardian, to allow the claim, in the first instance, by deception and concealment of the true facts, and declaring it would not have so allowed it had it known the facts set up by defendant in error, for the first time, in the district court. The bank further alleged that "in procuring the allowance of the said claim a wrong and fraud has been perpetrated upon this defendant, the guardian of the estate of the said minors, and but for such fraud the said claim would not have been allowed by it, and the same should, therefore, be held for naught, and, in any event, on account of the facts herein alleged, the same should not now be allowed or approved by the court, and this defendant, guardian of the estate of the said minors, accordingly prays judgment of the court that the said claimant take nothing and * * *"; further, "that in view of the facts hereinabove alleged, and the further fact that the said claimant represented to this guardian that it would not be required to pay the claim unless the same was approved by the court, and that, as this defendant is now informed and so charged, the said claimant induced the said court to refuse to approve the same, and presented to it a disapproval thereof, the same was not presented in good faith to this guardian, and, therefore, the same is void and the adjudication of the county court refusing to approve the same has become final and is now final, and is a bar to the right of the claimant to have the same adjudicated in this court, and which judgment of the county court, and the facts herein alleged, this defendant pleads in bar of the right of the said claimant to recover thereon in this court."

The guardian bank's chief executive officer, who had employed said attorney and directed him to contest the claim, testified at length upon the trial, and in effect repudiated the defense set up in the bank's behalf. The trial judge, in the absence of a jury, rendered judgment in favor of defendant in error, as against the bank, which was ordered to pay over to defendant in error the sum of one-third of the minors' $10,000 held by it. The judgment was silent as to Mrs. Dudley and her plea of intervention; no disposition was made of her or her husband as parties or of her protest against defendant in error's claim, unless by necessary implication.

■ Mrs. Betts (Dudley), joined by her husband, and purporting, for the first time, to appear as next friends of the minors, excepted to the judgment, and gave notice of appeal, as did the bank, as guardian. This exception and notice by the bank had the effect of perfecting its appeal, since under the statute it was not required to give bond to that end. Articles 2276, 2254, R. S. 1925. As the bank did not file any record in this court within the time prescribed by statute, it thereby lost its right of appeal, and the judgment as to it was subject to affirmance on certificate, had motion therefor been timely filed. But, having lost its right of appeal by its dereliction, the right to writ of error was still available to the guardian. American Ry. Exp. Co. v. McDaniel (Tex.Civ.App.) 20 S.W.(2d) 1104; Reef v. Hamblen (Tex.Civ.App.) 47 S.W.(2d) 375. It ignored both remedies, however, and thereby allowed the judgment against the interests of its wards to become final. On the other hand, while Mrs. Betts and her husband did not undertake to prosecute the appeal, of which they gave notice, and thereby abandoned that remedy, they did thereafter file their petition and bond for writ of error, which they timely perfected and have presented here for disposition. But, as has been shown, they did not undertake to prosecute this writ of error in their individual capacities, in which they appeared in the district court, but in the asserted new capacity of next friends of the minors.

Defendant in error has filed a motion to strike the record and dismiss the writ of error upon the grounds, first, that the transcript is defective, inaccurate, and incomplete in numerous particulars; and, second, that Mrs. Dudley and her husband have no such interest in the proceeding as entitles them to appeal.

■ The transcript is, indeed, illy prepared and arranged, is incorrect and incomplete in its contents, and is not supported by any certificate cognizable under the statute. For examples, it is certified in the caption that the proceedings were had in the 117th district court of Nueces county; whereas, it appears from the record at

large that they were had in the 28th district court of said county. The final certificate is that the transcript contains, not all the proceedings had in the cause, as provided by the statute, but only such proceedings as were not copied into the statement of facts, which is naively adopted as and made a part of the transcript, for reference. It omits nearly all the orders purported to have been made by the trial court in the cause, and includes, in lieu of those omissions, certain skeleton entries purporting to have been made in his docket by the trial judge, which entries have no meaning or place in a transcript and can be given no force or effect in the consideration of the appeal. 3 Tex.Jur. pp. 413, 103, 419, 464, 420, §§ 295, 51, 299, 295; Smith v. Watson (Tex.Civ.App.) 44 S.W.(2d) 815, and authorities cited.

The transcript is subject to numerous other less substantial objections, which need not be mentioned here. Nor is it necessary to declare the ultimate effect of those mentioned, as warranting dismissal upon motion of defendant in error, or of this court at its own instance, inasmuch as the appeal must be dismissed upon another ground. It is true, of course, that the clerk's office is primarily at fault in putting out such a record, but that does not excuse plaintiff in error for presenting and filing the record in this court in the condition it is in.

Nor is it necessary for this court to determine the effect of the omission from the judgment of any disposition of plaintiffs in error, or of the matters set up in their pleadings and evidence. If they were proper parties to the proceedings below, and if they set up matters which they were entitled to have disposed of in the judgment below, then it is true, as a matter of law and of course, that the judgment rendered and sought to be appealed from is not such a final judgment as will support an appeal, or even execution. The record presented here is so incomplete and unsatisfactory that this court will not here go out of its way to attempt to determine the question of the finality of the judgment.

The record does show, upon its face, however, that plaintiffs in error appeared only in their individual capacities in the trial court, and not in the representative capacity of next friends of the minors. That being true, they were not aggrieved in such capacity of next friend (if they were aggrieved in any capacity by a judgment which does not even purport to dispose of them or of their asserted cause of action), and, being strangers to the record, they have no right of appeal from the judgment therein. Cochrane v. Day, 27 Tex. 385; Roundtree v. Stone, 81 Tex. 299, 16 S.W. 1035; Thomas v. Jones, 10 Tex. 52; Beal v. Batte, 31 Tex. 371; Wilson v. Hall, 13 Tex.Civ.App. 489, 36 S.W. 327, 329; Jones v. Eastham (Tex.Civ. App.) 36 S.W.(2d) 538, and authorities cited. Writ of error prosecuted by them must therefore be dismissed.

■■ We deem it appropriate to go further, and say that, primarily, a guardian is the proper party to defend suits in behalf of his wards, and judgments rendered against the guardians in such suits are binding upon the wards. There are these exceptions to that rule, however, that actions and judgments against guardians do not bind the ward where his interests and those of the guardian are shown to be in conflict, or, of course, where the ward, through some other proper representative, such as next friend, sues the guardian in a matter touching the latter's administration upon the ward's estate. For example, if, as alleged by plaintiffs in error, as individuals, the guardian has fraudulently or even negligently bartered away or lost part of the ward's estate, through court action or otherwise, the ward has his remedy against the guardian and his bondsmen.

■ Here, however, the wards were not parties to this proceeding, in person or by any representative other than the bank as guardian, and so, if, as alleged below by plaintiffs in error, as well as by the guardian itself, in its protest, defendant in error's claim was without merit, and the guardian fraudulently or improvidently and carelessly allowed said claim in the probate court, and by its fraud or neglect efficiently assisted defendant in error in establishing it in the district court, and negligently failed to prosecute an appeal therefrom, then the minors' remedy against the guardian and its bondsmen remains, unimpaired by this proceeding.

It is perfectly obvious from the record that the guardian bank's course throughout this proceeding has been inconsistent, to say the least of it. According to its own admission in the record, it allowed defendant in error's claim in the probate court without investigating its merits. In the district court it repudiated its previous act of allowance of the claim, as hav-

ing been fraudulently procured from it, denounced and protested the claim, and employed counsel (for a fee of $350, charged to its wards) to prosecute its contest. It then, through its president, repudiated its contest by testimony, and when judgment was rendered in apparent consonance with that testimony, it repudiated that position by excepting and giving notice of appeal, which it thereupon repudiated by abandoning it and acquiescing in the judgment. And now, in this court, it turns about once more, to protest dismissal of the writ of error attempted to be brought by others to procure review of the judgment which it helped to procure, and then approved, by acquiescence. The record seems to absolve counsel for the bank from responsibility for the ambidextrous shuffling practiced by the bank in this proceeding.

We have deemed it necessary to thus explore the record at large, in order to determine the attitude and status of the several parties, as a basis for the controlling conclusion arrived at by this court.

The writ of error must be dismissed upon the conclusion that the parties seeking to prosecute it were not parties to the proceedings below, and, in the capacity assumed there, are not aggrieved by the judgment sought to be reviewed; but the dismissal is without prejudice to any remedy the minors involved may have against the guardian of their estates and its bondsmen.

Writ of error dismissed.

### On Motion for Rehearing.

Plaintiffs in error have filed an appealing motion for rehearing, which this court has carefully considered. It is earnestly urged that the minors, through plaintiffs in error as next friends, should be regarded as parties to this appeal, and thereby bound by the record presented here.

It is the prerogative, as well as the duty, of all courts to regard and protect, within lawful bounds, the rights of infants, as well as of all others laboring under disabilities which prevent them from protecting their own rights against fully armed and empowered adversaries. This court has not been unmindful of this duty in this case.

In considering the record for the purpose of determining the question of jurisdiction involved in defendant in error's motion to dismiss the appeal, it has been necessary, and therefore proper, to go somewhat deeply into the record. We have examined the pleadings and proceedings, step by step. We have particularly scrutinized the pleadings of plaintiffs in error. Those pleadings are at best general and vague, and consist more of mere conclusions than of allegations of specific facts justifying such conclusions. Certainly they would be subject to special exceptions which would nullify their effect, even if they could survive the general demurrer. It is unnecessary, would be improper, for this court, in this inquiry as to jurisdiction, to examine or consider the evidence upon the trial. The transcript of the record, however, shows that the trial judge found and expressed facts which, if supported by evidence, completely negative the conclusions embraced in plaintiffs in error's pleadings below. It is deemed appropriate to add that counsel presenting plaintiffs in error's motion for rehearing were not responsible for the record made below.

Now, it is that sort of record by which plaintiffs in error seek, in resisting the motion to dismiss, to bind the helpless minors for whom they now, for the first time, purport to act. For, if this court should take jurisdiction, and undertake to decide the cause upon its merits as if the minors were in fact parties through plaintiffs in error's intervention, the minors would be precluded from hereafter asserting a remedy for the wrongs so vaguely and indefinitely pleaded by plaintiffs in error below, and so definitely and positively denied by the trial judge upon the hearing. Whereas, if this court declines to assume jurisdiction, the minors, if indeed wronged by their guardian, would be free to efficiently assert their remedy under the laws of the land, untrammeled by an adjudication invoked in their absence.

This court adheres to the decision that the minors were not parties to the proceeding below, except through the legal guardian of their estates, and that plaintiffs in error, acting below only as individuals, cannot now, without an adequate showing of their right to intervene here in the asserted representative capacity (Cochrane v. Day, 27 Tex. 385), prosecute this writ of error as next friends of the minors. This court will not go out of its way to subject the minors to the jeopardy of an apparently bungled record to which they were not parties, and by which they are

not bound, except through the representation of their legal guardian, who is responsible to them if it has betrayed the trust in the manner so vaguely alleged by plaintiffs in error. Plaintiffs in error's motion for rehearing will, therefore, be overruled.

It is deemed appropriate, in view of some observations in the original opinion, to express the conclusion that, although plaintiffs in error and their contest were not expressly disposed of in the judgment, that judgment was nevertheless a final judgment, since it made that disposition of plaintiffs in error and their contest by necessary implication. For, in rendering a decree approving defendant in error's claim, the judgment had the necessary effect of denying plaintiffs in error's contest, and precluding plaintiffs in error just as effectively and finally, as if done by express language.

It is perhaps unnecessary to add, what is so obviously true, that what has been said in this and the original opinion is decisive only of the question of jurisdiction, and is not intended, and cannot be given effect, as decisive of any other question than that of jurisdiction.

Plaintiffs in error's motion for rehearing is overruled.