### STATE NATIONAL BANK OF DALLAS V. CITY OF DALLAS ET AL.

#### Decided February 2, 1902.

**1.—Writ of Error—Parties—Application—Dismissal.**

Where the Fourth National Bank of Dallas brought suit, and judgment was rendered against it as to one defendant and for it as to others, and the State National Bank of Dallas applied for a writ of error, but there was nothing in the application showing any interest of the State National Bank in the judgment, nor anything of that kind in the record except a recitation in an amended petition that the State National Bank and Fourth National Bank were the same corporation, and subsequent pleadings were filed in which the action was styled "Fourth National Bank," etc., a motion to dismiss the writ of error must be sustained.

**2.—Same—Proof.**

There being no averments in the application for the writ of error showing that the State National Bank had any interest in the judgment, an affidavit attached to the answer to the motion to dismiss, made by a director of the Fourth National Bank, to the effect that, under an act of Congress and with the approval of the Comptroller of the Currency, it had changed its name to the State National Bank, but with no writings attached or otherwise offered showing such approval by the Comptroller, is ineffectual to sustain the application.

**3.—Same—Partnership.**

Where a judgment is against the members of a firm personally, and plaintiff sues out a writ of error, and instead of service of citation on each defendant there was an acceptance of service by the firm, a motion to dismiss must be sustained.

Error from Dallas.   Tried below before Hon. Richard Morgan.

*McCormick & Spence,* for plaintiff in error.

*W. T. Henry* and *Jas. J. Collins,* for defendants in error.

BOOKHOUT, ASSOCIATE JUSTICE.—This is a motion by the defendant in error, the city of Dallas, to dismiss the writ of error in this case. The grounds of the motion, in substance, are: (1) The State National Bank, plaintiff in error, is not a party to the judgment contained in the transcript, nor is it referred to therein in any way. (2) The petition for writ of error misdescribes the judgment, in that it states the judgment was against the State National Bank of Dallas, whereas the judgment is against the Fourth National Bank of Dallas. (3) One

of the parties to the judgment was not served with citation in error, nor has service been waived or accepted in his behalf.

The petition for writ of error was filed by the State National Bank and recites: "That on the 15th day of April, 1901, the plaintiff in error recovered a judgment against the defendants in error, J. E. Byrne, J. C. La Batt, and Owen J. Cook in the sum of $21,877.45, with interest and costs, and in the said judgment defendant in error, the city of Dallas, was adjudged not to be liable to plaintiff in error on its demand and was awarded costs of suit against plaintiff in error, and plaintiff in error desires to remove the judgment," etc.

The judgment contained in the record is styled, "The Fourth National Bank of Dallas v. The City of Dallas et al." It was rendered April 3, 1901, and is a judgment in favor of the Fourth National Bank of Dallas, Texas, against J. E. Byrne, J. C. La Batt, and Owen J. Cook, composing the firm of J. E. Byrne & Co., for the sum of $21,977.45, with interest at the rate of 12 per cent per annum and all costs. By said judgment it is further adjudged that the plaintiff, the Fourth National Bank of Dallas, take nothing against the city of Dallas, and the said city go hence and recover against plaintiff its costs.

It is nowhere shown in the judgment that the State National Bank is a party to or affected by said judgment.

There is a recitation in an amended petition filed in the case styled "Fourth National Bank of Dallas v. City of Dallas et al., No. 8222," to the effect "that plaintiff represents to the court that the plaintiff now known as the State National Bank of Dallas, but being the same corporation known at the institution of this suit as the Fourth National Bank of Dallas." Subsequently, additional pleadings were filed by both parties in which the suit is styled "Fourth National Bank v. City of Dallas et al." There was no evidence introduced to prove the above recitation, and in fact said recitation is the only statement contained in the record in which the State National Bank is in any way connected with the record.

Thus the record shows a suit instituted by the Fourth National Bank of Dallas against the city of Dallas and others, defendants, and prosecuted to judgment, in which the Fourth National Bank recovers against J. E. Byrne, J. C. La Batt, and Owen J. Cook, composing the firm of J. E. Byrne & Co., and the city of Dallas was adjudged not to be liable to said bank and was ordered to go hence and recover of said Fourth National Banks its costs.

The petition for writ of error must describe the judgment sought to be revised. When one seeks to revise a judgment to which he was not a party, he must by proper averments show his right to do so. It is held that where an administrator seeks to revise a judgment to which he was not a party he should, in his petition for writ of error, aver that he has been duly appointed and that the property in controversy would be assets in his hands if recovered. It is not sufficient for the petition in such case to describe him as administrator. Thomas v. Jones, 10

Texas, 52. So when a guardian seeks to revise a judgment to which he was not a party he must, in the petition for writ of error by proper averments, show his character and interest as guardian. Cochran v. Day, 27 Texas, 385.

Suit was instituted in the District Court of Harrison County by the Southern Pacific Railroad Company against one Stephenson and others, and was prosecuted to judgment, the judgment being in favor of said railroad company. Stephenson sued out a writ of error against the Texas & Pacific Railway Company, the petition for writ of error alleging that the Southern Pacific Railroad Company had been merged in, and consolidated with, the Texas & Pacific Railway Company. The petitioner made proof of this averment by attaching to the petition the several statutes of the State of Texas as evidence of such merger and consolidation. It was held that as the evidence showed the consolidation, the writ of error was properly sued out. Stephenson v. Railway, 42 Texas, 162.

The Fourth National Bank is party to the judgment, yet it is not referred to in the petition for writ of error. The statute requires that the petition shall state the names of all parties adversely interested, and it is held that this statute is imperative and the provisions can not be cured by amending the petition. Weems v. Watson, 90 Texas, 35.

Attached to plaintiff in error's reply to the motion to dismiss is an affidavit of E. O. Tenison to the effect that he was a director of the Fourth National Bank of Dallas, and that on the 10th of February, 1899, the Fourth National Bank of Dallas, under an act of Congress of the United States and with the approval of the Comptroller of Currency, changed its name to the State National Bank of Dallas. The petition for writ of error should, by proper averments, show by what authority the State National Bank seeks to have the judgment revised to which it was not a party. If it is sought to make proof of the averments by an act of Congress and the approval of the Comptroller of the Currency, we think the writings showing these facts ought to be produced. The State National Bank, not being a party to the judgment and the petition for writ of error not containing any averment showing interest in or right to the judgment, the petition for writ of error must be dismissed.

Again, the petition for writ of error describes the judgment as rendered against J. E. Byrne, J. C. La Batt, and Owen J. Cook, and no citation was duly served on Owen J. Cook, nor has he accepted service. Reply is made that the judgment was against J. E. Byrne & Co., a firm of which Owen J. Cook is a member, and that the acceptance of service by the firm of J. E. Byrne & Co. is sufficient service on Owen J. Cook. We do not agree to this contention. If we can look beyond the petition for writ of error to the judgment, we find a judgment against J. E. Byrne, J. C. La Batt, and Owen J. Cook, composing the firm of J. E. Byrne & Co. We are of the opinion that Owen J. Cook should be cited. Thompson v. Pine, 55 Texas, 427. He is a party to the judg-

ment sought to be reformed and is interested in the character of the judgment which may be rendered in the case.

. We conclude that the motion to dismiss the writ of error in this case is well taken and must be sustained.

Motion to dismiss writ of error is sustained.

*Motion dismissed.*

Writ of error refused.