### McLEAN v. MORROW et al.
### No. 9245; Motion No. 9666.

Court of Civil Appeals of Texas. Austin.

Dec. 10, 1941.

No briefs filed for appellant.
No briefs filed for appellees.

McCLENDON, Chief Justice.

This is an appeal from an order of the 98th Judicial District Court of Travis County, dated June 18, 1941, reinstating a nunc pro tunc order of that court dated January 30, 1941, which latter order had been set aside by the court of its own motion on May 27, 1941.

The January 30th order amended a final report of receiver, Wright Morrow, filed in cause No. 48,596, State of Texas v. Lumbermen's Reciprocal Association, so as to include therein report of a sale to appellee Bordages of a premium assessment claim of $1,652.60 against appellant, McLean, and in favor of defendant Association, and approved, nunc pro tunc, the sale.

We heretofore dismissed the appeal, upon motion of appellees Bordages and J. H. Land, predicated upon the following, among other, grounds: That (1) McLean (the sole appellant) had no justiciable interest in the controversy; and (2) that McLean was not entitled to appeal, since he was not a party to the original action.

We will state the pertinent portions of the record as briefly as practical.

The suit was brought by the State against the Association (a reciprocal insurance ex-

change) to liquidate its assets. Wright Morrow became the receiver. Among the assets of the association was the assessment claim against McLean, upon which Morrow later brought suit in the district court of Jefferson County.

June 5, 1937, Morrow filed his final report, which listed the assets in his hands, including the McLean claim (then in suit), and asked for order authorizing sale thereof.

July 3, 1937, the Master in Chancery filed his report recommending approval of Morrow's final report. July 7, 1937, the court approved Morrow's final report and ordered the assets sold.

July 16, 1937, Morrow executed an assignment of the McLean claim to Bordages for the recited consideration of "ten dollars and other good and valuable consideration paid to me and paid by C. P. Bordages." The assignment also recited that Bordages recognized a previous assignment by Morrow to Land of one-half of the claim as attorney's fees.

July 28, 1937, Morrow filed his supplemental final report in which he reported the sale of all assets of the association; which report was confirmed the same day and the receiver discharged. Neither the supplemental final report nor the order confirming it made any mention of the sale of the McLean claim to Bordages.

Thereafter Bordages was substituted for Morrow as plaintiff in the Jefferson County suit, and recovered judgment against McLean on the claim. On appeal by McLean that judgment was reversed and the cause remanded upon the holding that there was no authority shown in the receiver to make the assignment to Bordages. McLean v. Morrow, Tex.Civ.App., 137 S.W.2d 113, error dismissed, correct judgment.

December 24, 1940, Wood, Morrow, Gresham & McCorquodale, "attorneys who represented Wright Morrow, the former receiver herein during the tenure of the above receivership proceedings, hereinafter styled petitioners," filed an application in the Travis County suit for the above nunc pro tunc order passed January 30, 1941. This application recited that the assignment had been made by Morrow to Bordages for a consideration of $100, and was reported to and approved by the court on July 28, 1937. It was not contended that there was any record evidence of this report or confirmation. The May 27, 1941,

order setting aside the January 30, 1941, order recited that the court had no independent recollection of the fact finding therein that the assignment to Bordages was reported and confirmed. The order further recited that the court was doubtful of his authority on that account to enter the nunc pro tunc order, and in fairness to all parties interested they were each (including McLean) notified to appear and show cause why the order vacating the nunc pro tunc order should not be made final. This is the first time McLean appears as a party to the proceeding in any capacity. June 18, 1941, McLean filed his answer to the show cause order in which he limited his appearance as being in obedience only to the show cause order and for no other purpose except in support of the order vacating the nunc pro tunc order. This answer asserted the invalidity of the nunc pro tunc order on three grounds: (1) Because the receiver had been discharged and the petitioners (attorneys as stated) had no justiciable interest in the proceeding; (2) because only the Attorney General was notified of the application for the nunc pro tunc order, and neither he nor the state had any justiciable interest in the order; (3) because no evidence was introduced at the hearing upon the application in support of the facts recited therein.

We hold that our order dismissing the appeal was proper for each of the following reasons:

■ 1. McLean was not a party to the receivership proceeding and therefore could not have appealed from the asserted order approving the assignment to Bordages, if it had been entered of record July 28, 1937. For a like reason he could not appeal from the nunc pro tunc order purporting to establish such order approving the assignment. See 3 Tex.Jur., §§ 80 and 81; Road Dist. No. 5 v. McElwrath, Tex.Civ.App., 64 S.W.2d 1109.

■ 2. McLean has no litigable interest in a proceeding whereby the ownership of a claim against him is sought to be transferred from one individual to another. Only the parties having some claim or interest in such ownership have a justiciable interest in such proceeding. If, therefore, the nunc pro tunc order, or the order reinstating it, be void and ineffectual as evidence of a transfer of ownership of the claim to Bordages, then McLean can

assert such invalidity in any proceeding in which Bordages seeks to recover against him on the claim. If, on the other hand, the nunc pro tunc order and the order reinstating it are merely voidable, such invalidity can be asserted only by one having some interest in the ownership of the claim, and in a direct proceeding involving such ownership. The appeal is, of course, a direct proceeding; but McLean has no standing therein, since he has no justiciable interest in the merits of a controversy over the ownership of a claim against him.

The motion for rehearing is overruled.

Overruled.