**Richard GUNN, Appellant,**

**v.**

**Calvin J. CAVANAUGH and Wife Inoyce, Appellees.**

**No. 11290.**

Court of Civil Appeals of Texas.

Austin.

Dec. 16, 1964.

Rehearing Denied Jan. 6, 1965.

Paul Petty, Ballinger, for appellant.

John W. Norman, Winters, Yates & Yates, Abilene, for appellees.

ARCHER, Chief Justice.

On April 2, 1964 Calvin J. Cavanaugh and wife, Inoyce Cavanaugh filed their petition in the District Court of Runnels County, Texas, to adopt Richard Keith Gunn, Ronald Wade Gunn and Ruth Ann Gunn, all under the age of four years, and children of Richard Gunn and Barbara Gunn, apparently divorced, but no showing is made as to the custody of the children.

Service was not asked for and none had on Richard Gunn and no appearance was made by him.

Barbara Gunn filed her consent to adopt in writing.

An allegation was made in the petition that "the father, Richard Gunn, has deserted the said chidren" but no details or circumstances were made as to the alleged desertion or the length of such abandonment, or that Richard Gunn's parental rights had been terminated by a court of competent jurisdiction.

Subdivision (6) of Sec. 1a of Article 46a, Vernon's Ann.Civ.St., sets out what a petition to adopt shall set forth. Woodall v. Schmudlach, Tex.Civ.App., 299 S.W.2d 780; Ex parte Blackstock, Tex.Civ.App., 319 S.W.2d 167; Jones v. Willson, Tex.Civ. App., 285 S.W.2d 877.

On May 25, 1964 an order was entered granting leave to the petitioners to adopt the children, and in this order it was again stated that Richard Gunn, the father, had deserted the children.

On August 31, 1964, appellant filed a petition for writ of error, alleging that he had not consented to the adoption, had not been served with citation or notice and had not participated either in person or by an attorney in the trial of the case, and plead

**452**

that the court did not have jurisdiction to hear and dispose of the action and that he desired to remove the case to the Court of Civil Appeals.

Request was made to the trial court for an order directing the Clerk of that court for a transcript of the proceedings. This request was overruled by the trial court stating but not intended to prohibit the Clerk from performing any function she is supposed to perform.

The transcript was filed in this Court on September 29, 1964 in Cause No. 11,290.

On October 29, 1964, the appellees filed their Motion to Dismiss the Appeal on the ground that appellant was not a party to the adoption proceedings, and such not being appealable in the absence of participation by appellant.

The Motion to Dismiss is granted and the cause is dismissed.

As a general rule only parties to the record of a case or their privies are entitled to appeal. A stranger to the record cannot appeal. See 3 Tex.Jur.2d, Appeal and Error, Ch. VI, p. 467 et seq., McLean v. Morrow, 156 S.W.2d 1002, Austin C.C.A., n. w. h.

Mr. Gunn, of course, has an interest in this proceeding, but he is a stranger to the record. He has his remedy, but it is not by appeal.

In dismissing this appeal we have gone into some detail in reviewing the proceedings and the order allowing the children to be adopted may not be binding on the father since he was not a party thereto and did not give his consent to the adoption. Jones v. Willson, Tex.Civ.App., 285 S.W.2d 877; DeWitt v. Brooks, 143 Tex. 122, 182 S.W. 2d 687; Strode v. Silverman, 209 S.W.2d 415, Waco C.C.A., writ ref., n. r. e.

Motion granted; appeal dismissed.