Richard GUNN, Petitioner,

v.

Calvin J. CAVANAUGH et al., Respondents.

No. A–10596.

Supreme Court of Texas.

June 9, 1965.

Rehearing Denied July 7, 1965.

Paul Petty, Ballinger, for petitioner.

Yates & Yates, Abilene, John W. Norman, Winters, for respondents.

NORVELL, Justice.

■ On May 25, 1964, the three children of Richard Gunn, the petitioner, were adopted by respondents, Mr. and Mrs. Calvin J. Cavanaugh. Barbara Gunn, the mother of the children, consented to this adoption. The petition for adoption filed by respondents alleged that Richard Gunn had deserted his children. Gunn was not cited but the judge of the county court of the county where the children resided (Runnels County) consented to the adoption. Article 46a, § 6.[1] It is well settled in this state that when a court order purports to declare that the parental rights to a child have terminated and the parent is not cited, such parent is entitled thereafter to a plenary hearing to determine whether or not such parental rights have in fact been lost through neglect, mistreatment, abandonment or other antisocial conduct. Richard Gunn was not a named party to the adoption proceedings in the District Court and did not participate therein. However, within the time prescribed by Article 2255, he filed his petition for writ of error to have the case reviewed by the Court of Civil Appeals. Writ of error affords a review of the same scope as an appeal. Ward v. Scarborough, 236 S.W. 441

(Tex.Comm.App.1922); Burnett, "Writ of Error Jurisdiction of the Court of Civil Appeals", Appellate Procedure in Texas, § 5.1. It is available to those who were parties to the trial court suit but did not participate in the actual trial of the case. The Court of Civil Appeals held that Gunn had "an interest in this proceeding", that he had a remedy, but that it was not by way of writ of error. 385 S.W.2d 451.

■ We agree with the Court of Civil Appeals. Gunn's proper remedy is by way of an equitable proceeding in the nature of a trial court bill of review. There is no constitutional question of due process now before us. If, upon the hearing of the bill, constitutional issues should arise they will be there decided. Due process is determined by considerations more fundamental than mere forms of action or methods of securing a modification or abrogation of a judgment. Article 2255 places a six months time limit upon the writ of error. Such remedy would be clearly unavailable to the father who knew nothing of a decree terminating his parental rights until after such six-month period had expired. He would, however, have his right to a bill. Surely there is no great constitutional consideration which requires that the parent, who acts within the six-month's period, should have two remedies, while the parent who, for some reason, does not act within such period, is restricted to one remedy only.

■ The general rule is that the remedy by appeal in the usual form, or by writ of error, is available only to parties of record, Articles 2249, 2249a, 2250, 2251, 2255, Rules 352 to 363.[2] Rule 352 speaks of "the party taking an appeal or suing out a writ of error." Rule 359 uses the phrase, "The party desiring to sue out a writ of error." In Wood v. Yarbrough, 41 Tex. 540 (1874) the Court dismissed a writ of error as being without precedent or "foundation either on

---

1. All article references are to Vernon's Tex.Civ.Stats.

2. Rule references are to the Texas Rules of Civil Procedure.

principle or authority for its support" when it appeared that Wood, at whose instance the writ was prosecuted, was not a party to or the representative of either of the parties to the suit. The Court said:

"It was decided by this court, as long ago as the case of Smith v. Gerlach, 2 Tex., 424, and has never been since questioned, 'that this writ can only issue at the instance of a party to the suit, or of one whose privity of estate, title or interest *appears from the record of the cause in the court below*, or who may be the legal representative of such party.' The rule thus announced is, indeed, an elementary principle which has come down to us from the earliest days of the common law. (Townsend v. Davis, 1 Kelly, 495 [Ga.]; [Overseers of Poor of Town of] Clayton v. Beedle, 1 Barb., 11 [N.Y.]; Watson v. Willard, 9 Penn. St., 89; Green v. Watkins, 6 Wheat., 260 [5 L.Ed. 256]; Tidd's Prac., 1134, et seq.; 3 Bac.Abr., 330.)

"If the facts alleged in the petition for the writ of error, upon which Wood relies to show his right to prosecute the writ, and to be relieved by the reversal of the judgment, entitle him to relief, most certainly he must seek his relief in a court of original jurisdiction. None of these facts are shown by the record, and none of them belong in any manner to it. They may be denied by the opposite parties. If so, they unquestionably would be entitled to a trial upon them before a jury." (Italics supplied)

 In Allied Drug Products Company v. Seale, 49 S.W.2d 704 (Tex.Comm. App.1932) it was pointed out that in Ferris v. Streeper, 59 Tex. 312 (1883) this Court held that, "As a general rule derivable from the various provisions of the statute regulating appeals, only parties to the record may exercise that right." This rule seems to have been consistently followed by the Texas courts. McLean v. Morrow,

156 S.W.2d 1002 (Tex.Civ.App.1941, ref. w. o. m.), 3 Tex.Jur.2d 471, § 199. Compare, Southern Surety Company v. Arter, 44 S.W.2d 913 (Tex.Comm.App.1932). Probate appeals are distinguishable from the usual species of civil cases as pointed out in Allied Drug Products Company v. Seale, supra. See also, Specia v. Specia, 292 S.W.2d 818 (Tex.Civ.App.1956, wr. ref. n. r. e.) A person who is a party under the doctrine of virtual representation (Rule No. 42) may also appeal, Robertson v. Blackwell Zinc Company, 390 S.W.2d 472 (Tex.Sup.1965), but that is not the case here. No one purported to represent the interests of the petitioner, Richard Gunn in the District Court of Runnels County where the adoption proceedings took place. While he may have been *interested* in the outcome of the case, he was neither a named party, a party by virtual representation nor a party by other device or theory known to the law. He was simply omitted as a party thereto upon the allegation that he had no rights in and to the children involved because he had deserted them. If in fact he had deserted or abandoned his children, his parental rights had ended and the adoption was legal and effective. If, on the other hand, he had not forfeited his parental rights, the adoption was wholly ineffective as to him and could not affect such rights. Of course, considerations of due process require that a judicial determination of whether or not Gunn had forfeited his rights be made, after due notice to him and with no shifting of burden of proof to him requiring that he assume the burden of showing that he did not desert, abandon or otherwise forfeit his parental rights to his children.

The procedure to be followed in a case such as this is clearly outlined in the case of DeWitt v. Brooks, 143 Tex. 122, 182 S. W.2d 687 (1944). This was a suit between J. O. Brooks and wife, the natural parents of a small child, and Fred J. DeWitt and wife, who had adopted the child subsequent to dependency proceedings of which the natural parents had no notice. This Court

recognized that a parent may relinquish his parental rights to a child by agreement or forfeit them by abandonment or some other species of neglect or maltreatment. It was pointed out that the Court of Civil Appeals, 178 S.W.2d 718, had held that the burden was upon the DeWitts to establish that Mr. and Mrs. Brooks had abandoned the child. There is nothing in this Court's opinion which suggests a disagreement with the lower court's holding as to the burden of proof.[3] The disagreement with the Court of Civil Appeals which resulted in a reversal related to the intermediate court's holding that the DeWitts had failed to sustain the burden of proof cast upon them. The Supreme Court's opinion indicated that it was in agreement with the view taken by the Court of Civil Appeals as to the burden of proof. The holding of the Court of Civil Appeals on the point is abundantly clear.

That Court stated that while a judgment of a court of competent jurisdiction relating to parental rights could not be regarded as a nullity because one or more of the parents were not made parties thereto, nevertheless such decree was not binding upon non-appearing and non-cited parents. The Court said:

"To summarize, then,—this is a suit by natural parents to recover custody of their child from those having actual custody of said child. The plaintiffs (Brooks) made out a prima facie case for recovery by proving, (a) their relationship to the child, State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901, and (b) that they had not delayed an unreasonable length of time in instituting the suit. The burden then rested upon the defendants (DeWitts) to prove that plaintiffs had been guilty of neglect or other conduct condemned by statute which operated to terminate plaintiffs' rights of dominion and control over the child involved. This fact could have been established by a decree entered in accordance with the provisions of Articles 2329–2338, had plaintiffs been parties thereto or had proper notice thereof, but as it affirmatively appears that plaintiffs had no notice of said proceedings, it follows that the decree entered is not binding upon them, and the recitations contained therein are not competent as evidence upon the issue of whether or not plaintiffs have been guilty of acts or omissions which would terminate their right of custody to their child. The burden therefore lay upon defendants to establish the fact of neglect or anti-social conduct by evidence extrinsic to the decree".

It thus appears that the remedy afforded to the parent who was not cited and did not appear in the trial court is to institute a suit in the nature of a bill of review to abrogate the judgment which purports to divest him of his parental rights in accordance with the opinions rendered in the Brooks-DeWitt case. Cf. Pettit v. Engelking, 260 S.W.2d 613 (Tex.Civ.App.1953, ref. n. r. e.). This proceeding is not a typical bill of review but one particularly suited to the needs of the situation. A child cannot be likened to a chattel that may be stored in a warehouse for preservation and safekeeping. He is one of the most fragile and easily damaged of all living creatures. His requirements must be met with dis-

---

3. The Supreme Court of the United States in Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965) construes the action of the Court of Civil Appeals in the Armstrong case (371 S.W.2d 407) in affirming the judgment of a trial court as holding that the burden of proof to show no forfeiture of parental rights rests upon the natural father. Regardless of how the Court of Civil Appeal's opinion and judgment in Armstrong be construed, the thesis that the burden of proof shifts to the natural parent cannot be supported by DeWitt v. Brooks.

patch if he is to survive or escape serious damage and his needs may not be postponed pending search for a missing parent. Yet, the rights of the natural parent are of high importance and due process properly requires that the burden of proof to show forfeiture of parental rights rests upon him who asserts the affirmative of the proposition and not upon the allegedly negligent parent.

██ The Court of Civil Appeals was correct in holding that Richard Gunn was not without remedy. He may proceed in the District Court. There he has a plenary remedy as distinguished from a restricted one. Matters affecting the parent and the child and the respective rights of each should be determined so far as is consistent with orderly procedure without unnecessary involvement in procedural quirks, complications and limitations. The concept of the petitioner, who was not a party to the trial court proceedings making himself a party to the suit in an appellate court is an open invitation to complication. By way of example the petition in this case contains an allegation that the petitioner has deserted his children and a finding to that effect is recited in the decree of the trial court. The petitioner, by making himself a party to the suit after it has passed through the trial court stage, will be in no position on appeal to controvert evidence, if any there be, which tends to support the allegation mentioned and the trial court's finding based thereon. Wood v. Yarborough, 41 Tex. 540 (1874). The decision of the Court of Civil Appeals in dismissing petitioner's writ of error was correct, not only upon the basis of precedent but also from the standpoint of policy considerations which favor uncomplicated procedures in arriving at the solution of vexing legal problems.

The judgment of the Court of Civil Appeals is affirmed.

SMITH, STEAKLEY and POPE, JJ., dissenting.

STEAKLEY, Justice (dissenting).

This is an adoption proceeding in which the parental rights in three children of a non-consenting, non-notified and non-participating natural father have been taken away. The question is whether, if he so elects, he may appeal by writ of error to set aside the order of the district court which was entered without notice to him. I would hold, contrary to the majority view, that he is entitled to appeal and is not limited to the remedy of a suit in the nature of a bill of review.

The majority seems overly concerned with protecting a parent from supposed consequences of the appeal remedy and by what the majority describes as "unnecessary involvement in procedural quirks, complications and limitations." The majority is complicating what is actually a simple situation. Under and as the result of the invocation of either remedy the adoption order is set aside and rendered for naught; and for the same reason, namely, the parent was not given notice to which he was entitled as a matter of constitutional due process. Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965).

The interest of a father in a proceeding instituted by third parties to adopt his children and extinguish his parental rights cannot be gainsaid. This interest is apparent on the face of the record of an adoption proceeding from the instant it is filed. This Court long ago recognized that the remedy of appeal by writ of error is available to a party to the suit or to one whose privity of estate, title or interest appears from the record of the cause. Smith and Jones v. Gerlach, 2 Tex. 424 (1847). In the context of the problem before us, I would not restrict the concept of privity to matters of property rights and would recognize the controlling fact that the interest of the

natural father appeared on the face of the record from the beginning. Heretofore this Court has been liberal in recognizing the right of appeal. Cf. Lawyers Lloyds of Texas v. Webb, 137 Tex. 107, 152 S.W.2d 1096 (1941), and Security Trust Company of Houston v. Roberts, 208 S.W. 892 (Tex. Com.App.1919). It is well settled that the averment and showing of an interest not apparent on the record will from that point entitle a party to invoke the appeal remedy. Cf. Thomas v. Jones, 10 Tex. 52 (1853); Cochrane v. Day, 27 Tex. 385 (1864); Ferris v. Streeper, 59 Tex. 312 (1883); State National Bank of Dallas v. City of Dallas, 28 Tex.Civ.App. 299, 68 S.W. 334 (1902, writ ref.); Waurika Oil Association v. Ellis, 254 S.W. 1032 (Tex.Civ.App. 1923, no writ hist.). The apparency of the father's interest distinguishes cases such as Southern Surety Co. v. Arter, 44 S.W.2d 913 (Tex.Com.App.1932); and Allied Drug Products Co. v. Seale, 49 S.W.2d 704 (Tex. Com.App.1932).

A recent persuasive precedent of this Court is found in the refusal of the application for writ of error in Specia v. Specia, 292 S.W.2d 818 (Tex.Civ.App.1956, writ ref. n. r. e.). David Specia was a major beneficiary of a will, the probate of which was denied in a contest proceeding in which David did not participate. David sought to appeal by writ of error. Charles Specia, the successful contestant, moved to dismiss the appeal because David was not a party to the proceeding. The Court of Civil Appeals sustained its jurisdiction to hear David's writ of error on the proposition that "David, as one of the main beneficiaries in the will under contest, was a party within the contemplation of Rule 359 though not personally named as a party. * * * His substantial interests are involved in the appeal."[1] This Court refused Charles' application for writ of error and by so doing necessarily expressed agreement with the juris-

dictional holding of the Court of Civil Appeals that David could appeal by writ of error from the judgment of the district court.

In my view, the considerations upon which the majority rests its decision are not of sufficient moment to curtail the remedies available to a natural parent when his children have been awarded to third parties by an order admittedly not binding upon him because entered in a proceeding in which he was denied his constitutional right to notice.

I would reverse the judgment of the Court of Civil Appeals and remand the cause to that Court for consideration of Petitioner's appeal.

SMITH and POPE, JJ., join in this opinion.

[1]. Rule 359, Texas Rules of Civil Procedure, reads as follows: "The party desiring to sue out a writ of error shall file with the clerk of the court in which

the judgment was rendered a written petition signed by him or by his attorney, and addressed to such clerk."