**William C. MILLS, Executor of the Estate of Jobe Howell, and William C. Mills and Millie Exa Mills, Guardians of the Persons and Estates of William Jobe Howell and Dixie Lynn Howell, Minors, Petitioners,**

**v.**

**Maria Fioravanti McKay HOWELL, Individually and as Next Friend of Kelly Luisa McKay, a Minor, Respondent.**

No. 11502.

Court of Civil Appeals of Texas.

Austin.

May 10, 1967.

Rehearing Denied May 24, 1967.

W. D. Brown, Quitman, Strasburger, Price, Kelton, Miller & Martin, Royal H. Brin, Jr., Dallas, for petitioners.

Harold B. Stone, Dallas, for respondent.

O'QUINN, Justice.

On petition for writ of error, the executor appointed under a will and the guardians of the persons and estates of minor children of deceased seek to set aside a declaratory judgment holding the petitioner for judgment to be the surviving common law wife of deceased and her infant daughter the child of that marriage.

The first question in the case is whether appeal by writ of error was perfected.

Petitioners for writ of error are residents of Wood County, Texas, where the estates are being administered, and the judgment they ask be set aside was granted in Dallas County, Texas, in district court.

Jobe Howell, an officer in the United States Air Force, died December 30, 1965, leaving a will devising all his property to his children, William Jobe Howell and Dixie Lynn Howell. His wife, Betty Nell Howell, had preceded him in death April 11, 1955. The will named Howell's father-in-law, William C. Mills, independent executor of the estate and designated Mills and his wife, Millie Exa Mills, guardians of the estates of the two children.

Howell's will was probated in Wood County March 28, 1966, and letters testamentary were issued to Mills as an executor. In a companion proceeding in county court, Mills and his wife were appointed guardians of the persons and estates of the two minor children April 11, 1966. The estate of Howell consisted of real property in Wood County, certain personal property, and life insurance policies, including Servicemen's Group Life Insurance.

On May 19, 1966, there was initiated in district court in Dallas County a proceeding styled, "In the Matter of Maria Fioravanti McKay Howell, Individually and as Next Friend of Kelly Luisa McKay, a Minor." The petition was sworn to by Maria Fioravanti McKay Howell as party plaintiff, setting out allegations upon which to base her prayer for judgment declaring a valid and subsisting common law marriage with Howell from September, 1957, until his death, and declaring Kelly Luisa McKay the daughter and lawful heir of the deceased Howell. Judgment was entered the same day the petition was filed, May 19, 1966.

The petition named no defendants. No notices or citations were issued or served, and no grounds of jurisdiction were set out in the petition. Petitioners in this cause, the executor and the guardians, were not made parties, were not served, and did not in any manner participate in the declaratory judgment proceedings. The only party to the petition for declaratory judgment was the petitioner in that case, for herself, and as next friend for her minor daughter.

Howell had not designated a beneficiary of his Servicemen's Group Life Insurance. The respondent in this action, Maria Fioravanti McKay Howell, made claim to the proceeds as Howell's widow, and petitioners, Mills and wife acting in their appointed capacities, made claim in behalf of Howell's estate and his two children. In support of her claim to the insurance proceeds, the respondent sent a copy of the declaratory judgment to the office of Servicemen's Group Life Insurance.

When Howell died in December, 1965, his will reflected that he had two heirs. With no beneficiary designated in the Servicemen's policy, the proceeds, together with all

his other property, would go to his two heirs, to be administered by the executor and the guardians he named in the will. The declaratory judgment in May, 1966, would add another lawful heir and a surviving wife, to share in his estate. It appears that if respondent is the surviving spouse of Howell, payment of the insurance proceeds would be made to her, but if she is not his widow, Howell's two children named in the will would be entitled to the money.

The judgment of the district court declared that a controversy existed under the Declaratory Judgments Act (Article 2524–1, Vernon's Ann.Tex.Sts.). It declared respondent to be the surviving spouse of Jobe Howell, by virtue of a common law marriage, and Kelly Luisa McKay to be Howell's child and lawful heir, and decreed they were entitled to the rights respectively of surviving spouse and child.

Petitioners come to remove this judgment for revision and correction to this Court by petition for writ of error.

Respondent has filed a motion to dismiss this appeal.

■ Writ of error as a means of affording review of proceedings in the trial court is available to persons who were parties to the suit in trial court but did not participate in the actual trial of the case. The general rule is that this form of appeal is limited to parties of record. Gunn v. Cavanaugh, 391 S.W.2d 723 (Tex.1965).

While there are certain exceptions to this rule, we find that this cause does not come under any of these exceptions. This Court in 1966 applied the rule stated in Gunn v. Cavanaugh, supra, and stated, referring to the decision by the Supreme Court:

"There the Court followed the time honored rule that only persons who are parties or their privies, regardless of their interest in the outcome of the case, may appeal from the judgment in the case, and if relief from such judgment is sought by persons other than parties and their

privies, such relief must be sought in a court of original jurisdiction." Industrial Generating Co. v. Jenkins, Tex.Civ. App., Austin, 410 S.W.2d 658.

The exceptions to the general rule are referred to in both Gunn v. Cavanaugh and Industrial Generating Co. v. Jenkins. The cause before us is not a class suit such as Ambassador Oil Corp v. Robertson, Tex. Civ.App., Austin, 384 S.W.2d 752 (writ ref. n. r. e.). It is not a case involving the doctrine of virtual representation as applied in Mason v. Mason, 366 S.W.2d 552 (Tex. 1963).

We have been cited to Specia v. Specia, Tex.Civ.App., San Antonio, 292 S.W.2d 818 (writ ref. n. r. e.), which was a will contest, as authority for holding that this appeal has been perfected. We cannot agree. The Specia case was referred to in Gunn v. Cavanaugh and the Court pointed out that "Probate appeals are distinguishable from the usual species of civil cases * * *" 391 S.W.2d 723, 725, col. 2.

■ We conclude that petitioners are not entitled to appeal in this suit on writ of error, and agree respondent's motion to dismiss should be granted.

In view of the disposition to be made of this appeal, we do not have the judgment of the district court before us, and therefore express no opinion upon its validity.

The motion to dismiss this appeal is granted.

Appeal dismissed.

ON MOTION FOR REHEARING

■ Petitioners on motion for rehearing ask the Court to say that if the declaratory judgment were before us, we would find it void. We cannot determine the validity of a judgment which is not before us. We call attention, however, to the first sentence of section 11 of the Uniform Declaratory Judgments Act:

"When declaratory relief is sought, all persons shall be made parties who have or

claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." Article 2524–1, sec. 11, Vernon's Ann.Tex.Stats.

 As pointed out in the opinion, the declaratory judgment purports to add another heir and a surviving wife to share in the estates being administered by petitioners. Under the wording of the statute itself, parties whose interests are affected must be made parties, and the declaration cannot prejudice the rights of persons not party to the proceeding. We have observed that only the person seeking the declaration was a party to that action. If there are no opposing rights, an opinion is purely advisory and void; if there are opposing rights, all interests affected must be party if the declaration is to be valid. Just as jurisdiction may not be conferred by agreement of the parties, so it may not be conferred by agreement between the sole party to an action and the court.

Motion overruled.