IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00101-CR through
10-05-00117-CR

 

The State of Texas,

                                                                      Appellant

 v.

 

Rebekah Faith Stanley, ET AL.

                                                                      Appellees

 

 

 



From the County Court at Law 

McLennan County, Texas

Trial Court Nos. 2004-3921-CR1
through 2004-3933-CR1

and Nos. 2004-3935-CR1 through
2004-3938-CR1

 



MEMORANDUM  Opinion










 

          The State has filed motions to dismiss
these seventeen appeals
under Rule of Appellate Procedure 42.2(a).  See Tex. R. App. P. 42.2(a); McClain v. State, 17 S.W.3d
310, 311 (Tex. App.CWaco
2000, no pet.) (per curiam).  We have not issued decisions in these appeals
since the Court of Criminal Appeals remanded them to this Court for further
proceedings.  See State v. Stanley, No. PD-1393-05, 2006 Tex. Crim. App. LEXIS 1816 (Tex. Crim. App. Sept. 20, 2006).  The Clerk of this Court has
sent duplicate copies of the motions to the trial court clerk.  See Tex. R. App. P. 42.2(a); McClain,
17 S.W.3d at 311.  None of the Appellees has filed a response.  Accordingly,
these appeals are dismissed.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Appeal dismissed

Opinion delivered and
filed November 1, 2006

Do not publish

[CR25]

 






iled in the district court by DPLP against the Freestone
County Appraisal District and Review Board. However, UFI filed no pleading seeking any relief
against the taxing authorities or against DPLP. Although the taxing authorities moved to join UFI
in district court, they have filed no pleading seeking relief against UFI. UFI's motion for partial
summary judgment against the Freestone County Appraisal District and Review Board was denied
and UFI's claim against the appraisal district and review board was severed and given a new cause
number. Thus, UFI ceased to be a party to this suit. Since UFI is not a party, it lacks standing
to appeal the decision below. "Only parties of record may exercise a right of appeal." Gunn v.
Cavanaugh, 391 S.W.2d 723, 724-25 (Tex. 1965).
      UFI has asserted in this appeal only that in the event DPLP is successful in challenging the
appraisal district's assessment, the district is likely to attempt to assess the ad valorem taxes at
issue to UFI. The appeal, however, concerns whether the district court properly declared that a
DPLP interest is not taxable for ad valorem purposes; it does not involve the nature or taxability
of property owned by UFI or any other property owner or potential taxpayer. UFI is not the
owner of the property that is the subject of the appeal. UFI was not assessed as the property
owner. UFI did not comply with any administrative prerequisites for maintaining a tax appeal. 
UFI has no standing to participate as either an appellant or appellee in this cause. 
      UFI's appeal is dismissed for lack of standing and for lack of jurisdiction. The remaining
parties are hereby realigned to reflect the Freestone County Appraisal District and the Freestone
County Review Board as appellants and DPLP as appellee.
                                                                               PER CURIAM
Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
      Dismissed
      Opinion delivered and filed April 6, 1994
      Do not publish 
[WITHDRAWN & REISSUED 5-18-94]