Motion Denied; Dismissed and Memorandum Opinion filed
June 2, 2011.

 

 

In The

                                                                                                         

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00142-CV

____________

 

IN THE INTEREST OF S.J., a child

 

 



 

On Appeal from the 314th District Court

Harris County, Texas

Trial Court Cause No. 2009-06184J

 



 

M E M O R
A N D U M  O P I N I O N

Appellant, Vallire Ozene, attempts to appeal from an order
signed February 3, 2011, and amended on March 2, 2011, granting a non-suit to
the Texas Department of Family and Protective Services.  According to the
clerk’s record, appellant is not a party to the underlying suit.  Instead, it
appears that appellant filed a separate suit in cause number 2009-54577.  

On May 6, 2011, notification was transmitted to the parties
of this court’s intention to dismiss the appeal for want of jurisdiction unless
appellant filed a response on or before May 20, 2011, demonstrating that this
court has jurisdiction over the the appeal.  See Tex. R. App. P.
42.3(a).  In response, appellant, who is pro se, filed a motion to
“change venue,” asking that her appeal be sent to the Texas Supreme Court. 
This court has no authority to grant appellant’s request.  Accordingly, the
motion to change venue is denied.

Standing, which focuses on who may bring an action, is a
prerequisite to subject matter jurisdiction.  Frost Nat. Bank v. Fernandez,
315 S.W.3d 494, 502 (Tex. 2010); see also In re Vogel, 261 S.W.3d 917,
920 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) (discussing
standing in custody proceedings).  Standing must exist at every stage of the
legal proceedings, including appeal.  Williams v. Lara, 52 S.W.3d 171,
184 (Tex. 2001).  To establish standing for an appeal, a person must generally have
been a party to the judgment.  Generally, an appeal is available only to parties
of record; non-parties who have not properly intervened in the trial court,
lack standing to appeal the trial court’s judgment.  See Gunn v. Cavanaugh,
391 S.W.2d 723, 724 (Tex. 1965) (stating that remedy by appeal is “available
only to parties of record”).

Appellant has not established that her suit was consolidated
with the underlying suit, that she intervened in this suit, or that she otherwise
became a party to the suit in cause number 2009-06184J.[1]  Accordingly, she lacks standing to appeal the non-suit
order in this case.  

Accordingly, this appeal is dismissed for lack of
jurisdiction.

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Seymore and Boyce.









[1]   The
trial court noted on its docket that it lacked jurisdiction to grant
appellant’s request to appeal without payment of costs because appellant was
not a party to the lawsuit.