

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00256-CV

_____

IN THE INTEREST OF J.G., K.Z., J.C., C.C., AND C.C., CHILDREN

On Appeal from the 323rd District Court
Tarrant County, Texas
Trial Court No. 323-103940-16

Before Walker, Meier, and Gabriel, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

This is an attempted appeal from an order terminating the parental rights of B.C. to J.G., of B.C. and G.Z. to K.Z., and of B.C. and J.C., Jr. to J.C., III; C.C.; and C.C. The children's maternal grandmother, L.C., who was not a party to nor intervenor in the trial court proceedings, has filed this appeal, seeking a transfer to Taylor County, Texas and to alter the trial court's judgment.

On August 27, 2018, we sent L.C. a letter indicating our concern that we did not have jurisdiction over the appeal because she was not a party to the trial court case and directing L.C. to submit a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a). L.C. filed a response and asserted that she had standing as the children's biological grandmother, that she was a "party to the courts," and that she was present at "every meeting" but that she "didn't get to be heard."

Standing, which focuses on who may bring an action, is a prerequisite to subject-matter jurisdiction. *Frost Nat'l Bank v. Fernandez,* 315 S.W.3d 494, 502 (Tex. 2010), *cert. denied,* 562 U.S. 1180 (2011); *see also In re Vogel,* 261 S.W.3d 917, 920 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). Standing must exist at every stage of the legal proceedings, including appeal. *Williams v. Lara,* 52 S.W.3d 171, 184 (Tex. 2001). To establish standing for an appeal, a person must generally have been a party to the judgment. *In re S.J.,* No. 14-11-00142-CV, 2011 WL 2150586, at *1 (Tex. App.—Houston [14th Dist.] June 2, 2011, no pet.) (mem. op.). Generally, an appeal is available only to parties of record; interested nonparties who have not properly

intervened in the trial court therefore lack standing to appeal the trial court's judgment. *See id.*; *Gunn v. Cavanaugh,* 391 S.W.2d 723, 724 (Tex. 1965).

L.C.'s response fails to demonstrate that she has standing to appeal. Because L.C. was not a party in the trial court and is not a nonparty who had properly intervened in the trial court, she lacks standing to appeal. *See S.J.,* 2011 WL 2150586, at *1 (holding that appellant who had not properly intervened lacked standing to appeal the nonsuit order). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *In re J.D.G.,* No. 02-02-00194-CV, 2003 WL 21028373, at *2 (Tex. App.—Fort Worth May 8, 2003, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction because appellant was not a party to the trial court proceeding); *see also In re K.A.P.,* No. 14-11-00536-CV, 2011 WL 4373987, at *1 (Tex. App.—Houston [14th Dist.] Sept. 20, 2011, no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction because grandmother was not a party to the judgment nor an intervening party after judgment); *S.J.,* 2011 WL 2150586, at *1 (dismissing appeal for lack of jurisdiction because appellant did not demonstrate that her suit was consolidated with the underlying suit, that she had intervened in the underlying suit, or that she had otherwise become a party to the suit she attempted to appeal).

Per Curiam

Delivered: October 11, 2018

3