ACCEPTED
05-25-00981-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
8/20/2025 11:55 AM
RUBEN MORIN
CLERK

NO. 05-25-00981-CV

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
8/20/2025 11:55:42 AM
Ruben Morin
Clerk

**IN THE COURT OF APPEALS FOR THE FIFTH DISTRICT AT DALLAS, TEXAS**

**WOLFGANG HIRCZY DE MINO, Ph.D.,**

*Appellant*

**v.**

**ANGELA SUZANNE PAXTON and KENNETH WARREN PAXTON, JR.,**

*Appellees*

On Appeal from the 468th Judicial District Court for Collin County
Cause No. 468-54065-2025

**APPELLEES' JOINT MOTION TO DISMISS**

/s/ Charla Bradshaw

Charla H. Bradshaw
State Bar No. 00787124
charla@koonsfuller.com

Laura Roach

Laura B. Roach
State Bar No. 00796223
lroach@mccathernlaw.com
James E. Sherry
State Bar No. 24086340
jsherry@mccathernlaw.com

KoonsFuller, P.C.
320 Eagle Drive, Ste. 200
Denton, Texas 76201
(940) 442-6677 – Phone

McCathern Shokouhi & Evans PLLC
3710 Rawlins, Suite 1600
Dallas, Texas 75219
(214) 741-2662 – Phone

*Attorney for Angela Paxton*

*Attorneys for Kenneth Paxton, Jr.*

**APPELLEES' JOINT MOTION TO DISMISS**                    **PAGE 1**

Appellees Angela Suzanne Paxton and Kenneth Warren Paxton, Jr. respectfully move the Court to dismiss this appeal for lack of subject matter jurisdiction, and would respectfully show the Court:

## BACKGROUND

Appellees are getting divorced and wish to protect their privacy. For that reason, Appellee Angela Paxton filed a Motion to Seal Court Records on July 10, 2025. The Trial Court then entered Appellees' Agreed Order granting the motion to seal the next day, July 11, 2025 (the "Sealing Order").[1]

Appellant, a non-party to the divorce proceeding, first appeared in the proceedings below to file a notice an appeal from the Sealing Order on July 16, 2025. Appellant filed an amended notice of appeal on July 31, 2025. Appellant later filed a motion to vacate the sealing order in this Court on August 8, 2025.

## ARGUMENT

This case should be dismissed before merits briefing because the Court lacks subject matter jurisdiction for two distinct reasons: *First*, this Court has no subject matter jurisdiction over a direct interlocutory appeal from an order sealing records in a case under the Texas Family Code. *Second*, Appellant lacks appellate standing.

---

[1] The motion and Sealing Order are both under seal. Appellant has requested preparation of the Clerks' Record, which, when filed, should include sealed copies of documents under seal in the Trial Court. *See* Tex. R. App. P. Appx. C, Rule 1.2.

## 1. Legal Standards

"For every court case, 'subject matter jurisdiction must exist before [the court] can consider the merits,' and a court must examine its jurisdiction 'any time it is in doubt.'" *Texas v. Zurawski*, 690 S.W.3d 644, 657 (Tex. 2024) (quoting *Tex. Propane Gas Ass'n v. Houston*, 622 S.W.3d 791, 797 (Tex. 2021)). "In performing this review, [this Court] do[es] not look to the merits of the case, but consider[s] only the pleadings and evidence relevant to the jurisdictional inquiry." *Combs v. Kaufman Cnty.*, 274 S.W.3d 922, 925 (Tex. App. – Dallas 2008, pet. denied). "[S]ubject matter jurisdiction cannot be presumed, and the burden of alleging facts affirmatively showing [this Court's] subject matter jurisdiction lies squarely with [the] appellant[]." *Asshauer v. Wells Fargo Foothill*, 263 S.W.3d 468, 473 (Tex. App. – Dallas 2008, pet. denied). Whenever this Court determines it lacks subject matter jurisdiction, "it can only dismiss the appeal." *Richardson v. Texas*, No. 05-16-01301-CV, 2017 WL 511217, at *1 (Tex. App. – Dallas Feb. 8, 2017, no pet.).

## 2. This Court Has No Jurisdiction Over Interlocutory Appeals from Orders Sealing Records in Cases Arising Under the Texas Family Code

"Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides such jurisdiction." *Texas A&M Univ. Sys. v. Koseoglu*, 223 S.W.3d 835, 840 (Tex. 2007). In the absence of a statute conferring subject matter jurisdiction over this interlocutory appeal, this Court "can only dismiss the appeal." *Richardson*, 2017 WL 511217, at *1.

The case below is a divorce proceeding arising under Chapter 6 of the Texas Family Code, and the appealed order is a non-final order sealing records in that divorce proceeding. In his notices of appeal and motion to vacate, Appellant claims subject matter jurisdiction under Rule 76a(8) of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 76a(8).[2] Appellant is wrong. While Rule 76a(8) permits immediate appeals from orders sealing "court records," the rule explicitly removes "documents filed in an action originally arising under the Family Code" – like this divorce proceeding – from the definition of "court records." *See* Tex. R. Civ. P. 76a(2)(a)(3). The general interlocutory appeals statute likewise makes no provision for immediate appeals from sealing orders. *See* Tex. Civ. Prac. & Rem. Code § 51.014. Because there is no statutory basis for immediate interlocutory appeal, Texas courts have specifically held that "an order sealing or unsealing court records [in a case arising under the Family Code] is not deemed severed from the case or final and appealable." *In re B.H.*, No. 14-22-00068-CV, 2023 WL 5236040, at *3 (Tex. App. – Houston [14th Dist.] Aug. 15, 2023, no pet.).

The present appeal should be immediately dismissed for this reason alone.

---

[2] *See* Amd. Notice of Appeal at 1 ("Comes now the undersigned member of the public and pursuant to Rule 76a of the Texas Rules of Civil Procedure …."); Mot. to Vacate at 2 ("At issue in this appeal is … the sealing order signed on July 11, 2025, which is deemed severed and appealable per rule 76a.").

### 3. Appellant Lacks Appellate Standing

"Standing is a component of subject matter jurisdiction" and "an appeal filed by an improper party must be dismissed." *Texas v. Naylor*, 466 S.W.3d 783, 788 (Tex. 2015). "[A]ppellate standing is typically afforded 'only to parties of record.'" *Id.* (quoting *Gunn v. Cavanaugh*, 391 S.W.2d 723, 724-725 (Tex. 1965)). "The rule thus announced is, indeed, an elementary principle which has come down to us from the earliest days of the common law," *Gunn*, 391 S.W.2d at 724-25, and it has been the unquestioned law of this state since at least 1847, when this Court held that a "writ [of error] can only issue at the instance of a party to the suit, or of one whose privity of estate, title or interest appears from the record of the cause in the court below, or who may be the legal representative of such party," *Smith v. Gerlach*, 2 Tex. 424, 426 (Tex. 1847).

Appellant is not a party to the divorce proceeding below, nor is he a "deemed party" under the limited circumstances recognized in Texas law. "[T]o benefit from that doctrine, the prospective appellant must establish: '(1) it is bound by the judgment; (2) its privity of estate, title, or interest appears from the record; and (3) there is an identity of interest between the appellant and a party to the judgment.'" *Naylor*, 466 S.W.3d at 789. Appellant satisfies none of these conjunctive tests. Although the sealing order may prevent Appellant from *accessing* sealed court records, that is because the Sealing Order is binding on the Trial Court Clerk, not

Appellant. There is also no privity of estate, title, or interest apparent from the record (or existing in reality), and no identity of interest between the Appellant and either party to the divorce proceeding. Appellant is, by his own description, a "member of the public" and a "political scientist whose access to source material for analysis and commentary is being obstructed and impeded by the sealing order." (Amd. Notice of Appeal at 3). Whatever this Court may make of Appellant's claimed interest in the case, it is nothing like the "identity of interest" with in the parties that would confer appellate standing. *See Naylor*, 466 S.W.3d at 789. With respect to the relief requested, the Appellant's interest is opposite that of Appellees.

Appellant also cannot demonstrate appellate standing as an intervenor in the proceeding below. For one thing, Appellant's first appearance in the case below was to file a notice of appeal from the Sealing Order after it was entered, and his subsequent filings (specifically, an amended notice of appeal and an untimely request for findings of fact and conclusions of law) have all been directly related to the appeal. Obviously, it would erase the "elementary principle" that only parties have appellate standing, *Gunn*, 391 S.W.2d at 724-25, if nonparties were able to manufacture standing simply by filing a notice of appeal. There is no law to support the idea that a nonparty can confer appellate standing on itself by intervening for the sole purpose of noticing an appeal, and such a rule would abolish a settled principle "which has come down to us from the earliest days of the common law." *Id.*

Appellant's attempt to assert standing as an intervenor also runs into the wall of Rule 76a – the sole basis Appellant has claimed for appellate standing. In cases where Rule 76a does apply, it operates to permit immediate appeal by declaring sealing orders to be severed final judgments: "Any order … relating to sealing or unsealing court records shall be deemed severed from the case and a final judgment …" Tex. R. Civ. P. 76a(8) (emphasis added). But the Supreme Court has made clear that "our common law dictates that a party may not intervene post-judgment unless the trial court first sets aside the judgment." *Naylor*, 466 S.W.3d at 788; *accord First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex. 1984) ("[A] plea in intervention comes too late if filed after judgment and may not be considered unless and until the judgment has been set aside."). Accordingly, even if Appellant were correct that Rule 76a applied, and even if Appellant's notice of appeal were treated as a plea in intervention, the intervention came too late, since Appellant filed nothing in the Trial Court until after the Sealing Order was signed. *Contra Naylor*, 466 S.W.3d at 788; *White*, 682 S.W.2d at 252.

But Rule 76a does not apply in this divorce case, and that is because the Supreme Court specifically exempted cases arising under the Family Code from its coverage. *See* Tex. R. Civ. P. 76a(2). As reflected in the rulemaking history, the Supreme Court was conscious of concerns raised by "family law practitioners [who] feared that the rule would prevent protection of financial and personal details of the

most private sort that are sometimes revealed in bitter divorce suits." *See* Supreme Ct. Adv. Comm. Ad Hoc Comm. on Court Sealing, March 5, 1990 Mem.[3] The Supreme Court's considered decision to remove cases arising under the Family Code from the coverage of Rule 76a – including that rule's special provisions permitting immediate appeal of sealing orders by members of the public – reflects that the "common-law right of inspection has bowed before the power of a court to insure that its records are not 'used to gratify public spite or promote public scandal' through the publication of 'the painful and sometimes disgusting details of a divorce case.'" *Nixon v. Warner Comms.*, 435 U.S. 589, 598 (1978) (quoting *In re Caswell*, 29 A. 259 (R.I. 1893)). Appellant must not be permitted to end-run the Supreme Court's deliberate exclusion of family law cases from the only rule or statute Appellant cites as a basis for appellate jurisdiction. This appeal should be immediately dismissed for this reason, as well.

## PRAYER FOR RELIEF

Because this Court lacks subject matter jurisdiction, Appellees jointly request that the Court dismiss this matter before merits briefing and before reaching the merits of Appellant's motion to vacate.

---

[3] *Available at* https://www.txcourts.gov/All_Archived_Documents/ SupremeCourtAdvisoryCommittee/Meetings/1990/ supplementary/sc02091990.pdf

Respectfully Submitted,

**McCathern Shokouhi & Evans PLLC**

*Laura Roach*

Laura B. Roach
State Bar No. 00796223
lroach@mccathernlaw.com
James E. Sherry
State Bar No. 24086340
jsherry@mccathernlaw.com

McCathern Shokouhi & Evans PLLC
3710 Rawlins, Suite 1600
Dallas, Texas 75219
(214) 741-2662 – Phone
*Attorneys for Appellee Kenneth Paxton, Jr.*

KoonsFuller, P.C.

/s/ Charla Bradshaw

Charla Bradshaw
State Bar No. 00787124
charla@koonsfuller.com

KoonsFuller, P.C.
320 Eagle Drive, Ste. 200
Denton, Texas 76201
(940) 442-6677 – Phone
*Attorney for Angela Paxton*

## CERTIFICATE OF CONFERENCE

Pursuant to Texas Rule of Appellate Procedure 10.1(a)(5), I certify that I personally conferred with Appellant regarding the relief requested in this motion. Appellant is opposed.

_Laura Roach_

Laura B. Roach

## CERTIFICATE OF SERVICE

Pursuant to Texas Rule of Civil Procedure 9.5(d), I certify that I caused a true and correct copy of this pleading to be served on Appellant and counsel of record for all other parties by filing a copy of the same using the Court's electronic filing system. A copy has also been emailed to Appellant at wphdmphd@gmail.com

_Laura Roach_

Laura B. Roach

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jamie Laird on behalf of Laura Bohlman Roach
Bar No. 796223
jlaird@mccathernlaw.com
Envelope ID: 104612776
Filing Code Description: Motion
Filing Description: Joint Motion to Dismiss
Status as of 8/20/2025 1:00 PM CST

Associated Case Party: Member of the Public (MOTP)

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Wolfgang P.Hirczy de Mino | | wphdmphd@gmail.com | 8/20/2025 11:55:42 AM | SENT |

Associated Case Party: AngelaS.Pacton

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Charla Bradshaw | 787124 | charla@koonsfuller.com | 8/20/2025 11:55:42 AM | SENT |

Associated Case Party: KennethWarrenPaxton

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jared Julian | 24031573 | julian@julianjohnsonpc.com | 8/20/2025 11:55:42 AM | SENT |
| Laura B.Roach | | lroach@mccathernlaw.com | 8/20/2025 11:55:42 AM | SENT |
| Jamie Laird | | jlaird@mccathernlaw.com | 8/20/2025 11:55:42 AM | SENT |
| James ESherry | | jsherry@mccathernlaw.com | 8/20/2025 11:55:42 AM | SENT |