

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-26-00053-CV
_____

ROY ELZA, AS INDEPENDENT EXECUTOR OF THE ESTATE OF
ANNETTE ELZA, DECEASED, Appellant

V.

ANGELA ROANN NEWTON AND RANDY NEWTON, Appellees

On Appeal from the 284th District Court
Montgomery County, Texas
Trial Court No. 23-01-00101

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Appellant, Roy Elza, filed a notice of appeal on March 13, 2026, from the trial court's dismissal for want of prosecution.[1]  During the pendency of the underlying proceedings, a suggestion of death was filed for the plaintiff, Annette Elza.  The case was then abated to allow the plaintiff's will to be probated.  By order dated November 3, 2025, the trial court reinstated the case, noting that sufficient time had passed to resolve the probate issues.  By order dated November 18, 2025, the trial court set a deadline of December 15, 2025, for the filing of pleadings "such that the case may proceed with an appropriate Plaintiff," warning that otherwise the case would be dismissed for want of prosecution.  The trial court's order further noted that no progress had been made in the probate court and that, based on representations made at a hearing, none was expected.  The December 15, deadline passed without any filings being made, and the trial court dismissed the case for want of prosecution.  Appellant then filed this appeal in his alleged capacity as the independent executor of the estate of the deceased plaintiff.

Generally, "only . . . parties of record" may appeal a trial court's judgment.  *State v. Naylor*, 466 S.W.3d 783, 787 (Tex. 2015) (orig. proceeding) (quoting *Gunn v. Cavanaugh*, 391 S.W.2d 723, 724 (Tex. 1965)).  Thus, "an appeal filed by an improper party must be dismissed." *Id.*  Upon the death of a plaintiff, Rule 151 of the Texas Rules of Civil Procedure provides the following procedure for substitution:  "If the plaintiff dies, the heirs, or the administrator or executor of such decedent may appear and upon suggestion of such death being entered of record

---

[1]Originally appealed to the Ninth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.).  We follow the precedent of the Ninth Court of Appeals in deciding the issues presented.  *See* TEX. R. APP. P. 41.3.

in open court, may be made plaintiff, and the suit shall proceed in his or their name."  TEX. R. CIV. P. 151.  "With respect to Rule 151, '[t]he administrator or executor referred to in the rule must be an administrator or executor appointed by the courts of Texas.'"  *Daniels v. Total Quality Logistics, LLC*, No. 06-24-00086-CV, 2025 WL 52542, at \*2 (Tex. App.—Texarkana Jan. 9, 2025, no pet.) (mem. op.) (alteration in original) (quoting *Eikel v. Burton*, 530 S.W.2d 907, 909 (Tex. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.)).

The record before this Court does not contain letters testamentary or an order appointing Appellant as the administrator or executor of the deceased plaintiff's estate.  Neither does the record establish that Appellant is an heir of the deceased plaintiff.  By letter dated May 12, 2026, we advised Appellant that the appellees had filed a motion to dismiss, alleging that Appellant lacked standing to bring this appeal.  We further requested that Appellant file a response and a supplemental record, if necessary, with this Court by May 22.  Appellant has failed to do so.  Accordingly, we dismiss this appeal for want of jurisdiction.

Scott E. Stevens
Chief Justice

Date Submitted:     June 8, 2026
Date Decided:       June 9, 2026

3